GREENBERG, BENSON, FISK AND FIELDER, P.C., Relator,

v.

Charles Ben HOWELL, Respondent.

No. 05-84-01036-CV.

Court of Appeals of Texas, Dallas.

Oct. 25, 1984.

Robert M. Greenberg, Alvin R. Granoff, Ray HeLal, Donald G. Stanford, Edwin E. Wright, III, Ron Wren, Dallas, for relator.

Tom McCorkle, Jr., Dallas, for respondent.

Before CARVER, ROWE and SHUMPERT, JJ.

CARVER, Justice.

Relator, as attorneys of record in two unrelated cases pending in the 191st Judicial District Court, filed separate motions on June 18, 1984, and July 5, 1984, respectively, seeking recusal of the trial judge. No action thereon had been taken by the trial judge, Charles Ben Howell, the respondent herein, prior to the commencement of this mandamus action against him on September 26, 1984. Judge Howell, by letter of September 13, 1984, had advised the parties in both lawsuits that he had decided to withhold action on the motions pending the outcome of his election for a higher office, his reason being that if he were successful the motions would become moot and delay would be avoided. Relator contends Judge Howell's inaction is not legally justifiable. Judge Howell offers no response in this proceeding. For reasons stated below, we sustain relator's contentions. Mandamus is granted, but the writ is withheld, unless respondent Howell shall fail, by not later than October 29, 1984, to either recuse himself or enter an order of referral of both recusal motions to the presiding judge of the administrative district, and to file with the clerk of this court a certified copy of the order entered.

We start with the basic premise that although our appellate court lacks power to compel a trial judge to do a particular act involving or requiring discretion on

his part, our court *does* have power to order a trial judge to exercise his discretion in some manner. *Boswell, O'Toole, Davis and Pickering v. Stewart,* 531 S.W.2d 380, 382 (Tex.Civ.App.-Houston [14th Dist.] 1975), *Jones v. Smith,* 470 S.W.2d 305, 307 (Tex.Civ.App.-Houston [1st Dist.] 1971). Because a trial judge may not arbitrarily halt trial proceedings, mandamus will lie to compel a trial judge to proceed to trial and judgment in a case pending in his court. For many years the statute granting our mandamus jurisdiction expressly so provided, TEX.REV.CIV.STAT.ANN. art. 1824 (Vernon 1964), and the recent amendment to that article expands rather than restricts this authority. TEX.REV.CIV.STAT.ANN. art. 1824 (Vernon Supp.1984).

 We construe Judge Howell's letter of September 13, 1984, as a refusal to proceed to trial. His letter reads in pertinent part as follows: "... I have decided to withhold action on the recusal motion until after the election. There will be no other proceedings in the case during that period." We take judicial notice that the election referred to will take place on November 6, 1984. The effect of this decision will be to deny to the litigants that access to the justice system to which they are constitutionally entitled. U.S. CONST., amend. XIV, TEX. CONST. art. 1, para. 19. *Nelson v. Krusen,* 678 S.W.2d 918 (Tex. 1984).[1]

In a published opinion in a recent mandamus action involving these same parties, we discussed the duty of a district judge to whom a recusal motion is addressed, citing TEX.REV.CIV.STAT.ANN. art. 200a § 6 (Vernon Supp.1984) and TEX. R.CIV.P. 18a (Vernon Supp.1984). *Greenberg, Fisk and Fielder v. Charles Ben Howell,* 676 S.W.2d 431 (Tex.App.-Dallas, 1984). In that opinion we held that, under both statute and rule, in the event a recusal motion is filed a district judge must promptly enter one of the two orders which are permitted to him, i.e. recusal or referral. We now go a step further and hold that a trial judge, when presented with a

recusal motion, has only the option to act in one of these two specified ways; he does not have the option of doing nothing. Judge Howell has clearly taken an option not available to him and by doing so has abused his discretion as a matter of law. We correct this abuse by conditionally granting the writ of mandamus on the terms above stated.

---

1. Tex.Sup.Ct.Journal, Vol. 28 p. 31, Oct. 20, 1984.