James A. LAMBERTI, Appellant,

v.

Thomas TSCHOEPE, Bishop of the Roman Catholic Diocese of Dallas, Appellee.

No. 05–88–01480–CV.

Court of Appeals of Texas, Dallas.

July 26, 1989.

Rehearing Denied Sept. 22, 1989.

Frank P. Hernandez, Dallas, for appellant.

E. Thomas Bishop, Mark M. Donheiser, Joseph A. Turano, Dallas, for appellee.

Before McCLUNG, ROWE and BURNETT, JJ.

McCLUNG, Justice.

James A. Lamberti alleges that the district court erred, first, in hearing and, then, in denying his motion to recuse. We agree.

Lamberti presented several pre-trial motions in this case. First, he filed a motion to disqualify the law firm of Strasburger & Price, contending that Turano, along with several other attorneys from the firm, would be material witnesses, thereby disqualifying them from representing the appellee, Bishop Tschoepe. Lamberti then filed a motion to have the judge of the court recuse herself because she was a possible witness in the motion to disqualify. The trial judge heard Lamberti's motion to recuse, thirty-two days later, denied the motion, and proceeded with the trial of the case.

The Texas Government Code provides that a district or statutory county court judge shall request the presiding judge to assign another judge to hear a motion relating to the recusal of the judge from a case pending in his own court. TEX. GOV'T CODE ANN. § 74.059 (Vernon 1988). The Texas Rules of Civil Procedure are explicit with regard to these motions. The trial judge has two choices, recusal or referral. TEX.R.CIV.PROC.R. 18a(c). The rules further provide:

> If the judge declines to recuse himself, he shall forward to the presiding judge of the administrative judicial district, in either original form or certified copy, an order of referral, the motion, and all opposing and concerning statements. Except for good cause stated in the order in which further action is taken, the judge shall make no further orders and shall take no further action in the case after filing of the motion and prior to a hearing on the motion. The presiding judge of the administrative judicial district shall immediately set a hearing before himself or some other judge designated by him, shall cause notice of such hearing to be given to all parties or their counsel, and shall make such other orders including orders on interim or ancil-

**652**

lary relief in the pending cause as justice may require.

TEX.R.CIV.P. 18a(d).

■ This Court has previously held that a trial judge, when presented with a recusal motion, regardless of the "procedural sufficiency" of that motion, has only the option to act in one of two specified ways: to recuse himself, or refer the case to the presiding judge. *Greenberg, Benson, Fisk & Fiedler, P.C. v. Howell,* 685 S.W.2d 694, 695 (Tex.Civ.App.—Dallas 1984, no writ). We do not hold that this motion is free from scrutiny by some other judge, named in obedience to both rule and statute, but we do hold that the judge named in the motion may not do so without violating his plain duty. By pursuing an option unavailable through any rule or statute, the court abused its discretion as a matter of law. *Greenberg,* 685 S.W.2d at 695.

Appellee urges to this Court that our holding in *Greenberg* is overly broad and encourages abuse. We are persuaded that a fair reading of Rule 18a, in its entirety, is sufficient to discourage such abuse.

■ In his third and fourth points of error, appellant finds fault with the trial court's order setting aside a default judgment in appellant's favor in this case. This point is not reviewable. An order granting a new trial is not subject to review either by direct appeal from that order, or from a final judgment rendered after further proceedings in the trial court. *Burroughs v. Leslie,* 620 S.W.2d 643, 644 (Tex.App.—Dallas 1981, writ ref'd n.r.e.). We therefore overrule these points of error.

Appellant's remaining two points of error are directed to errors allegedly made by the trial court after it erroneously failed to follow the proper procedures upon being presented with a motion to recuse. Because we have held that the trial court was without power to continue to hear this case, any orders made subsequent to the denial of the motion to recuse are void. The trial court was simply without power to continue, unless and until the referral order be decided in her favor.

We sustain Lamberti's points of error one and two addressing recusal and reverse and remand the case to the trial court for proceedings consistent with this opinion.