**William D. BROSSEAU, Appellant,**

v.

**Dennis RANZAU, Appellee.**

**No. 09–95–065 CV.**

Court of Appeals of Texas, Beaumont.

Submitted Oct. 26, 1995.

Decided Dec. 7, 1995.

---

**2.** *Dowlearn* was overruled on other grounds in *State Dept. of Highways & Public Transportation v. Payne*, 838 S.W.2d 235 (Tex.1992).

Charles W. McGarry, Dallas, for appellant.

Mark Morefield, Mark Morefield & Assoc., Liberty, Richard Fuqua, Houston, for appellee.

Before WALKER, C.J., and STOVER and NYE, JJ.

## OPINION

NYE, Justice.*

The matter before this Court is an accelerated appeal from an order entered by the trial court granting a temporary injunction. The order, entered by the trial court on January 20, 1995, enjoined the appellant, William Brosseau, from "taking any action which may in any way be contrary to or impair Ranzau's ownership of the real property." The injunction further prohibited the appellant from interfering with the use, enjoyment and ownership of the property in any way.

Appellant raises two points of error on this appeal. The second error is dispositive of this appeal. Appellant claims that the trial court judge erred in failing to respond to a motion to recuse. He claims that in response to his motion to recuse, the trial judge should have either recused himself from the case or referred the motion to the presiding judge of the administrative judicial district in accordance with Rule 18a of the Texas Rules of Civil Procedure.

In response to appellant's second point of error, appellee Dennis Ranzau argues that appellant's motion to recuse was "completely frivolous" and was filed only as a delay tactic. Appellee further alleges that the trial judge was not bound by the requirements of Rule 18a of the Texas Rules of Civil Procedure because the motion was untimely filed.

We agree with appellant that the trial judge erred by violating Rule 18a of the Texas Rules of Civil Procedure in failing to

* The Honorable Paul W. Nye, sitting by assignment pursuant to TEX. GOV'T CODE ANN. § 74.003(b)    (Vernon 1988).

either recuse himself or refer the motion to recuse to the presiding judge of the administrative judicial district.

Appellant filed his first motion to recuse on September 27, 1991, at 2:00 p.m. This motion was entitled "Objection to Sitting Judge and Motion to Recuse". It was not verified by the appellant. A handwritten note signed by Judge Woods appeared at the bottom of page 5 of the motion. It read "Motion not timely filed or verified—I refuse to refer same. 10–01–91 /s/ Judge Woods".

Appellant filed a second motion to recuse on September 9, 1992, at 12:37 p.m. This motion was verified by appellant and stated appropriate grounds for recusal in compliance with Rule 18b of the Texas Rules of Civil Procedure. This motion to recuse was not addressed by Judge Woods. Subsequent to this second motion to recuse the following orders were entered by the court: Order Dissolving Receivership, Order Granting and Extending Temporary Restraining and Show Cause Order, and Order Granting Temporary Injunction.

■ Rule 18a of the Texas Rules of Civil Procedure is explicit with regard to motions to recuse. It provides in part: (emphasis added)

> (a) *At least ten days before the date set for trial or other hearing* ... *any party may file with the clerk of the court a motion* stating grounds why the judge before whom the case is pending should not sit in the case.... *The motion shall be verified* and must state with particularity the grounds why the judge before whom the case is pending should not sit.

> (c) *Prior to any further proceedings in the case, the judge shall either recuse himself or request the presiding judge of the administrative judicial district to assign a judge to hear such motion.* If the judge recuses himself, he shall enter an order of recusal and request the presiding judge of the administrative judicial district to assign another judge to sit, and *shall make no further orders and shall take no further action in the case* except for good cause stated in the order in which such action is taken.

> (d) If the judge declines to recuse himself, he shall forward to the presiding judge of the administrative judicial district, in either original form or certified copy, an order of referral, the motion, and all opposing and concurring statements. Except for good cause stated in the order in which further action is taken, *the judge shall make no further orders and shall take no further action in the case after filing of the motion and prior to a hearing on the motion....*

■ There is a simple interpretation of Rule 18a. The appellate courts have agreed that when presented with a motion to recuse a judge has two, **and only two,** options. These options are for the judge to *either* recuse himself *or* refer the motion to the presiding judge of the administrative judicial district. *See Greenberg, Benson, Fisk and Fielder, P.C. v. Howell,* 685 S.W.2d 694 (Tex. App.—Dallas 1984, orig. proceeding), and *Lamberti v. Tschoepe,* 776 S.W.2d 651 (Tex. App.—Dallas 1989, writ denied). A trial judge does not have the option of doing nothing; he must act in one of the two specified ways provided in Rule 18a.

■ A judge abuses his discretion as a matter of law when he pursues an option other than the two available in the rule. It appears that Judge Woods, the trial judge in this case, failed to choose one of the two options available to him. Although appellant's second motion to recuse met all the requirements of Rule 18a, Judge Woods failed to respond to this motion. The purpose of Rule 18a is to insure that all litigants have the opportunity to have an impartial judge preside over their case. See dissenting opinion in *General Motors Corp. v. Evins,* 830 S.W.2d 355 (Tex.App.—Corpus Christi 1992, orig. proceeding).

■ Appellee argues that Judge Woods was not obligated to act in accordance with Rule 18a because the motion was untimely filed. Although courts have agreed that a motion to recuse must be timely filed in order to compel the judge to take such action stated above, we find that the second motion filed by appellant was timely filed. The requirement of Rule 18a(a) that the motion be filed "at least ten days before the date set for trial or **other hearing** ..." has been strictly construed. In cases where a motion to re-

cuse was filed less than ten (10) days before a trial *or hearing,* the courts have ruled that the motion was untimely and that Rule 18a did not come into play. *See Watkins v. Pearson,* 795 S.W.2d 257 (Tex.App.—Houston [14th Dist.] 1990, writ denied); *Johnson v. Smith,* 857 S.W.2d 612 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding); *Gonzalez v. Gonzalez,* 659 S.W.2d 900 (Tex. App.—El Paso 1983, no writ); *Petitt v. Laware,* 715 S.W.2d 688 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

■ At any time a judge may be subject to recusal under Rule 18b, a litigant may timely file a motion to recuse. A party may make a motion to recuse at any time while the case is still pending so long as it is filed within ten days of a trial or other hearing.[1] In this case, the motion to recuse was filed more than ten days prior to a hearing scheduled to be heard before Judge Woods, the trial court judge.

■ If a trial court fails to comply with the rules provided for in Rule 18a of the Texas Rules of Civil Procedure, all actions taken by the judge subsequent to such violation are void. The court in *Lamberti* said "Because we have held that the trial court was without power to continue to hear this case, any orders made subsequent to the denial of the motion to recuse are void." *See Lamberti* 776 S.W.2d at 652. We agree with the appellant that once Judge Woods violated Rule 18a by failing to either recuse himself or refer the motion to the presiding judge of the administrative judicial district, all orders entered by him subsequent to the filing of the Motion to Recuse were void. This would include the Order Dissolving Receivership, Order Granting and Extending Temporary Restraining and Show Cause Order, and Order Granting Temporary Injunction.[2]

Appellee further argues in his brief, without supporting evidence, that appellant filed the motion to recuse only to delay the proceedings. However, section (h) of Rule 18a provides for such a situation. It states:

(h) If a party files a motion to recuse under this rule and it is determined by the presiding judge or the judge designated by him at the hearing and on motion of the opposite party, that the motion to recuse is brought solely for the purpose of delay and without sufficient cause, the judge hearing the motion may, in the interest of justice, impose any sanction authorized by Rule 215(2)(b).

This section of Rule 18a provides a specific safeguard for situations where a party files a frivolous motion to recuse for the purpose of delaying the proceedings. The judge hearing such motion is armed with the authority to impose sanctions against any party whose purpose is to delay proceedings.

We hold that the trial court judge abused his discretion by failing to address the motion to recuse filed by appellant as required by Rule 18a. The judgment of the trial court is reversed and the cause is remanded for proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

---

1. For example, if a case is tried to a jury and it is later found that the judge may be disqualified under Rule 18b(2) of the Texas Rules of Civil Procedure, a party may file a motion to recuse the judge from hearing a motion for new trial as long as the motion to recuse is filed at least ten days prior to the hearing on the motion for new trial.

2. In response to a motion filed by the appellant, we found it necessary to enter a stay order to protect our jurisdiction over the merits of this appeal.