**Kevin Arnold BRUNO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–92–00072–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 23, 1996.

Ramond W. Howard, Missouri City, Frances Northcutt, Houston, for Appellant.

John B. Holmes, Jr., Ernest Davila, Houston, for Appellee.

Before COHEN, HEDGES and TAFT,[1] JJ.

## ORDER ON MOTION FOR REHEARING EN BANC

PER CURIAM.

Appellant filed a motion for rehearing en banc alleging two grounds for rehearing. Although the Court has overruled appellant's motion for rehearing en banc on both grounds, we will address the first ground in this order.

Appellant contends that this Court's action is void in its entirety because it was decided by a panel that included a judge who is disqualified to sit on this case under article V, section 11 of the Texas Constitution. Specifically, appellant maintains that Justice Tim Taft is disqualified because he was in a supervisory position in the Appellate Division of the Harris County District Attorney's Office during the time when appellant's case was prosecuted by the District Attorney's Office.

Article V, section 11 of the Texas Constitution provides that "[n]o judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such degree as may be prescribed by law, *or when he shall have been counsel in the case.*" TEX. CONST. art. V., § 11 (emphasis added). The Court of Criminal Appeals has consistently construed "counsel in the case" to require actual participation in the case. *See Gamez v. State,* 737 S.W.2d 315, 318–320 (Tex.Crim.App.1987).

[1]. Justice Taft not participating.

Appellant makes no allegation that Justice Taft actually participated in the trial or the appeal of this case while he was a prosecutor, and the record does not show any such participation. Consequently, Justice Taft was not disqualified from sitting as a justice on appellate review of this case merely because he was a supervisor in the district attorney's office at the time appellant was prosecuted.

SCHNEIDER, C.J., and COHEN, MIRABAL, WILSON, HEDGES and ANDELL, JJ., voted against rehearing en banc.

O'CONNOR, Justice, voted for rehearing en banc and dissents from the denial of rehearing en banc.

HUTSON–DUNN and TAFT, JJ., did not participate in the rehearing en banc vote.

O'CONNOR, Justice, dissenting on denial of rehearing en banc.

I dissent from the denial of en banc rehearing in this case.

The panel opinion states that Government Code § 74.059(c)(3) applies only to visiting judges, not to elected judges. *See Bruno v. State,* 916 S.W.2d 4, 6 (Tex.App.—Houston [1st Dist.] 1995) ("This section applies only to an assignment of former and retired judges to sit as visiting judges."). The panel's statement regarding Gov't Code § 74.059(c)(3) is clearly dicta. However, because the issue is discussed in the panel opinion and supplemented by a concurring opinion, the panel's interpretation of Gov't Code § 74.059(c)(3) could be influential in later opinions from this Court. For that reason, the panel opinion should be corrected by the Court en banc.

I disagree with the panel opinion for the following reasons:

*First,* the panel's position is contrary to the holding of the Court of Criminal Appeals. In *McClenan v. State,* 661 S.W.2d 108, 110 (Tex.Crim.App.1983), the court said:

To prevent further confusion regarding the court's duty when presented with a facially proper motion to recuse, we shall

address the applicability of Art. 200a, § 6, V.A.C.S. to the present case.

The court quoted what was then located in TEX.REV.CIV.STAT.ANN. art. 200A, § 6,[2] which is now located in Government Code § 74.059(c)(3):

> A district judge shall request the Presiding Judge to assign a judge of the Administrative District to hear any motions to recuse such district judge from a case pending in his court.[3]

*Id.*, 661 S.W.2d at 110. The Court of Criminal Appeals then held:

> We agree with the court of appeals that Art. 200a, § 6 applies to criminal cases in the absence of any explicit or implicit legislative intent indicating otherwise.

*Id.* We should not ignore the holding of the Court of Criminal Appeals.

*Second,* the panel's position is contrary to the holdings of this Court. Before the panel opinion in this case, this Court has always applied Government Code § 74.059 to elected judges.[4] *See Winfield v. Daggett,* 846 S.W.2d 920, 922 (Tex.App.—Houston [1st Dist.] 1993, no writ) (in civil case, elected judge challenged by recusal); *Carson v. Gomez,* 841 S.W.2d 491, 492 (Tex.App.—Houston [1st Dist.] 1992, no writ) (in civil case, elected judge challenged by recusal); *Mayfield v. State,* 757 S.W.2d 871, 873 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd) (in criminal case, elected judge from another court who heard pre-trial motions was challenged by recusal). We should not ignore our own precedent.

*Third,* the panel's position is contrary to the opinions from the other courts of appeals, which rely on § 74.059(c)(3) in cases involving recusal of elected judges. *See, e.g., Martin v. State,* 876 S.W.2d 396, 397 (Tex.App.—Fort Worth 1994, no pet.); *Stokes v. State,* 853 S.W.2d 227, 241 (Tex.App.—Tyler 1993, no pet.); *Lamberti v. Tschoepe,* 776 S.W.2d 651, 651 (Tex.App.—Dallas 1993, writ denied); *see also Keene Corp. v. Rogers,* 863 S.W.2d 168, 171 (Tex.App.—Texarkana 1993, no writ) (without citing § 74.059, the court referred challenge of elected judge to another judge). We should not ignore the opinions of the courts of appeals.

*Fourth,* the panel opinion confuses the procedure for objecting to an elected judge with that for objecting to a visiting judge. The procedure to object to an elected judge is contained in Government Code § 74.059(c)(3); the procedure to object to a visiting judge is contained in Government Code § 74.053, entitled "Objection to Assigned Judge." The legislature enacted the statutory procedure to object to visiting judges in 1987, ten years after enacting a procedure to challenge elected judges by motions to recuse. The procedure to object to a visiting judge was never a part of the provisions that became article 200a and later § 74.059(c)(3).

*Fifth,* the panel opinion confuses the history of the legislative enactments that preceded Government Code § 74.059. The legislative provisions regarding visiting judges and the requirement that a recusal motion be referred to another judge came from two separate legislative enactments. The provision regarding referral of a motion to recuse to another judge was not part of the visiting judge scheme. In 1977, the legislature enacted two separate bills that later became part of § 74.059. In House Bill 609, the legislature enacted a statute to permit the assignment of former district judges. In that same session, the legislature enacted Senate Bill 65, a statute relating to the duties

---

2. Act of May 30, 1977, 65th Leg., R.S., ch. 389 § 1, 1977 Tex.Gen.Laws 1060, 1060 (TEX.REV.CIV.STAT.ANN. art. 200A, § 6, since repealed).

3. Tex. Gov't Code § 74.059(c)(3) reads in part:
(c) A district, statutory probate, or statutory county court judge shall:
(3) request the presiding judge to assign another judge to hear a motion relating to the recusal of the judge from a case pending in his court; ...

4. The practice of concurring to one's own opinion, which is relatively new, is the cause of much of the confusion in this case. As author of the concurring opinion, the justice said she avoided discussing "conflicting precedent" in the majority opinion because it would be dictum. If dictum has no place in the majority, there is no justification for placing it in a concurring opinion.

of district court judges. Nothing in House Bill 609, relating to assignment of retired judges, contained any reference to recusal of assigned judges. However, Senate Bill 65, relating to district judges, contained the following:

A district judge shall request the Presiding Judge to assign a judge of the Administrative District to hear any motions to recuse such district judge from a case pending in his court.

Because the panel opinion did not trace the history of the two provisions, it mistakenly assumed they were part of one enactment.

*Sixth,* the procedure for referral to another judge is seldom necessary when a visiting judge is challenged because the recusal is automatic; thus, Government Code § 74.059(c)(3) rarely comes into to play when a visiting judge is challenged. A challenge to an elected judge is *never* automatic; thus, § 74.059(c)(3) is almost always an issue.

For all these reasons, I believe the panel opinion is wrong to say that Government Code § 74.059(c)(3) does not apply to elected judges.