William BROSSEAU, Appellant,

v.

Dennis RANZAU, Appellee.

No. 09–99–145 CV.

Court of Appeals of Texas, Beaumont.

Submitted March 2, 2000.

Decided Oct. 12, 2000.

Charles W. McGarry, Dallas, for appellant.

Richard L. Fuqua, Fuqua & Keim, L.L.P., Houston, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

RONALD L. WALKER, Chief Justice.

In April of 1989, plaintiff/appellee, Dennis Ranzau, sued William Brosseau, Argos Properties, Inc., and First State Bank of Liberty for breach of partnership agreement, and breach of fiduciary duty, and requested a temporary restraining order be issued as well as temporary and permanent injunctions. Ranzau also requested the trial court appoint a receiver and requested an accounting with regard to the alleged partnership property. During the course of the litigation, Ranzau's claims against Argos Properties, Inc., and First State Bank of Liberty were severed from the action against defendant/appellant Brosseau. Thereafter, both Ranzau and Brosseau filed motions for summary judgment with the trial court granting Ranzau's motion and denying Brosseau's.

We must initially consider appellate issue fifteen which contends that the trial judge was constitutionally disqualified at the time the final judgment was signed. We examine this contention first because any orders or judgments rendered by a judge who is constitutionally disqualified are void and without effect. *In re Union Pacific Resources Co.*, 969 S.W.2d 427, 428 (Tex.1998). Appellant directs our attention to a document attached to his motion for new trial. Said document contains a statement from the clerk of the Texas Supreme Court and reads, in pertinent part, as follows:

[U]pon searching the records in my custody, find said records show **Wilber Woods, Jr.** (State bar of Texas Bar # [ ] ) was licensed to practice as an attorney and counselor at law in the State of Texas on May 05, 1950. Mr. Woods remained on the active rolls until September 01, 1997 at which time he was placed on an exempt non-renewed status as Mr. Woods did not return his 1997–98 membership statement renewing his current active status and is not currently authorized to practice as an attorney and counselor at law in the STATE of TEXAS.

Said document was executed by the clerk of the Texas Supreme Court on December 28, 1998. Judge Woods signed the final judgment in the instant case on December 22, 1998.

Appellant contends that TEX. CONST. art. V, § 7 is the applicable provision regarding the instant issue. Section 7 is entitled, "Judicial Districts; District Judges; terms or sessions; absence, disability or disqualification of Judge," and provides, in pertinent part, the following:

Each district judge shall be elected by the qualified voters at a General Election and shall be a citizen of the United States and of this State, who is licensed to practice law in this State. . . .

Appellant argues that the above language "requires a district judge to hold a *current* Texas law license." [emphasis in original]

It is true that the word "disqualification" appears in the title of Section 7, but the language of said section specifically addresses the *qualifications* for someone to be elected district judge rather than the facts or circumstances that would *dis* qualify an already sitting, validly elected district judge. Appellant does not contend that Judge Woods did not possess the proper qualifications under Section 7 when he was initially elected to the bench of the district court.

To constitutionally disqualify a validly-elected sitting district judge, we believe one must look to TEX. CONST. art. V, § 11, which is entitled, "Disqualification of judges; exchange of districts; holding court for other judges." Section 11 explicitly provides the instances when a "judge" shall not sit on a case:

> No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case.

As is apparent, there is no language in § 11 that would disqualify a validly-elected sitting judge for having been suspended from the practice of law by the Texas Supreme Court for non-payment of State Bar dues. Appellant provides no case-law for support of his proposition and we find little authority on the specific issue. We do find a strikingly similar situation raised in the criminal context, however. In *Ex parte Lefors*, 171 Tex.Crim. 229, 347 S.W.2d 254, 255 (1961), the relator contended the trial court judge had been constitutionally disqualified to sit as a district court judge for, among other things, failing to pay his bar dues. In rejecting this argument, the Court of Criminal Appeals noted that the trial judge had always been licensed to practice law when elected and re-elected to the bench. On assuming the bench, the Court reasoned, he ceased to be a practicing lawyer. *Id.* The Court, therefore, found "no merit in the contention that

Judge Lord forfeited his right to hold and perform the duties of the office of district judge when he ceased to be a member in good standing of the State Bar of Texas for failure to pay dues. He was 'licensed to practice law in this State,' and had only to pay his dues (and vacate the office of judge) to resume his status as a 'practicing lawyer.'" *Id.*

In the instant case, we, too, find the fact that Judge Woods was not a member in good standing with the State Bar of Texas at the time the judgment was signed did not constitutionally disqualify him from sitting as district court judge with all power and authority afforded his office. We therefore overrule appellate issue fifteen.

■ We now turn to appellate issue fourteen which complains that the "money" judgment entered by the trial court on November 1, 1991, as well as the final judgment should be reversed because appellant was denied proper and reasonable notice of the recusal hearing ordered by this court. *See Brosseau v. Ranzau*, 911 S.W.2d 890 (Tex.App.—Beaumont 1995, no writ). In contrast to the issue of "disqualification" of a trial judge, we now have before us the issue of "recusal." The record reflects appellant filed an unverified motion to recuse Judge Woods on September 27, 1991. A handwritten note signed by Judge Woods appeared at the bottom of page 5 of said motion. It reads, "Motion not timely filed or verified—I refuse to refer same. 10–01–91 /s/ Judge Woods." The record further indicates that appellant, on September 8, 1992, filed a properly verified motion to recuse. Because Judge Woods essentially ignored this motion, we eventually issued the above-cited opinion in 1995.

We initially note appellant requests that, in addition to holding the final judgment void, we should also void the interlocutory "money" judgment of November 1, 1991. In *Lamberti v. Tschoepe*, 776 S.W.2d 651, 652 (Tex.App.—Dallas 1989, writ denied), the Court set out its rule with regard to recusal motions:

This Court has previously held that a trial judge, when presented with a recusal motion, regardless of the "procedural sufficiency" of that motion, has only the option to act in one of two specified ways: to recuse himself, or refer the case to the presiding judge. *Greenberg, Benson, Fisk & Fielder, P.C. v. Howell,* 685 S.W.2d 694, 695 (Tex.App.—Dallas 1984, no writ). We do not hold that this motion is free from scrutiny by some other judge, named in obedience to both rule and statute, but we do hold that the judge named in the motion may not do so without violating his plain duty. By pursuing an option unavailable through any rule or statute, the court abused its discretion as a matter of law. *Greenberg,* 685 S.W.2d at 695.

The Dallas Court reaffirmed this holding in *Bourgeois v. Collier,* 959 S.W.2d 241, 246 (Tex.App.—Dallas 1997, no writ), and one of the Houston Courts has also found this holding persuasive. *See Jamilah v. Bass,* 862 S.W.2d 201, 203 (Tex.App.—Houston [14th Dist.] 1993, no writ). We, too, have recognized the mandatory nature of Rule 18a. *See* Tex.R.Civ.P. 18a; *Brosseau,* 911 S.W.2d at 892; and *Feist v. Sekaly,* 739 S.W.2d 491, 492 (Tex.App.—Beaumont 1987, no writ). Consistent with this "mandatory nature" is the recognition that the judge named in the motion not be permitted to act in *any* way other than the two options provided for in the rule. We agree with the Court in *Lamberti* that the motion may ultimately fail because of some procedural defect, but that decision should be made by some other judge so as to avoid even the appearance of impropriety on the part of the judge named in the motion. *See* Tex.Code Jud.Conduct, Canon 2, *reprinted in* Tex.Gov't Code Ann., tit. 2, subtit. G app. B (Vernon 1998). As we noted in our 1995 opinion regarding the instant case, if a trial court fails to comply with the strictures provided in Rule 18a, all actions taken by the judge subsequent to such violation are void. *Brosseau,* 911 S.W.2d at 893. Therefore, the interlocu-tory "money" judgment signed by Judge Woods on November 1, 1991, is void.

■ We now address the portion of appellate issue fourteen complaining of inadequate notice of the recusal hearing. The record before us reflects that following the issuance of our opinion in 1995, Judge Woods refused to recuse himself and formally requested that the presiding judge of the administrative district, Judge Olen Underwood, assign a judge to hear the recusal motion. The record next indicates that on December 3, 1997, Judge Underwood faxed notice of the recusal hearing to "all attorneys of record." The December 3, 1997, faxed notice reads as follows:

A hearing on the Motion to Recuse in 43,911 RANZAU V. BROSSEAU, ET AL in the 253rd D.C. of Liberty, Co. Tx., has been set for Dec. 5, 1997 at 11:00 a.m. Before the Hon. Mark Davidson, Judge, 11th Judicial District * The hearing will be in the 253rd D.C., Liberty County Courthouse

Assuming the above fax was received by all parties the same day it was sent, it provided for only two days notice of the hearing. A hearing was held on December 5, 1997, but the record reflects that appellant's trial counsel was not present. Judge Davidson's order, amounting to essentially a default judgment denying appellant's recusal motion, states: "Counsel for Defendant William D. Brosseau, having acknowledged to the Court that he had been notified of the date and time of hearing failed to appear." The record further reflects that on the day of the hearing, December 5, 1997, appellant's trial counsel mailed opposing counsel an instrument entitled, "Defendant's First Motion For Continuance of Recusal Hearing, and/or Motion To Vacate." In said motion, appellant's trial counsel made the following contentions:

Judge Underwood's office attempted to contact the undersigned counsel about the hearing on December 3, 1997, but the undersigned counsel was in Austin appearing before the Supreme Court of

Texas. Judge Underwood's office also attempted to send written notice of the hearing by facsimile to the undersigned counsel on December 3, 1997, but apparently had some difficulty. The facsimile machine in the undersigned counsel's office was working properly at the time, so there is no explanation for why Judge Underwood's office was unable to send notice that day.

The undersigned counsel is a sole practitioner with no employees. The notice was sent by facsimile at 5:05 p.m. on December 3, 1997 to a Ms. Cynthia Parker, an employee of the undersigned counsel's building manager. The undersigned counsel received actual notice of the hearing mid-day on December 4, 1997, less than twenty-four hours before the time set for hearing.

. . . .

Counsel for plaintiff and the undersigned counsel called Judge Davidson on a conference call at approximatelt [sic] 8:45 a.m. the morning of December 5, 1997 in an attempt to hear this motion by phone conference, but there was no answer at Judge Davidson's court. The Liberty County District Clerk was also unable to accept filing of this motion by facsimile. Consequently, the time for hearing the recusal motion will have passed before this motion could be presented. If a ruling has been made, defendant asks that it be vacated to accomodate [sic] a continuance of the hearing.

■ Appellee, in his brief in response to the instant issue, does not contest any of the factual contentions raised by appellant in his motion for continuance/motion to vacate. Appellee merely states that appellant was aware of the date and time of the hearing and that TEX.R.CIV.P. 21 permits the trial court to shorten the general requirement of at least three days notice of a hearing, and such shortening of the notice time provision "is discretionary and will not be disturbed except on a showing of abuse of discretion." Appellee

further states that Rule 21a is inapplicable to appellant because the hearing was on appellant's own motion and "Brosseau did not have to file a response to his own motion and was not required to take any action after service of the notice." Yet, on its face, Judge Davidson's order denying appellant's motion to recuse states: "And, that as a result of Defendant's failure to appear and urge his Motion and his failure to present evidence thereon, the Court finds that Defendant's Motion should be in all things denied." It was indeed necessary for appellant to appear for the hearing and submit evidence to support his motion to recuse Judge Woods. Rule 18a(d) of the Texas Rules of Civil Procedure provides notice of the recusal hearing shall be given to all parties or their counsel. The hearing on a motion to recuse provides the movant an opportunity to develop a record to support its motion. *See Winfield v. Daggett*, 846 S.W.2d 920, 922 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding). A party's due process rights are violated when he does not receive adequate notice of a hearing or trial setting. *See Lopez v. Lopez*, 757 S.W.2d 721, 722–23 (Tex.1988).

■ Considering the long and checkered procedural history of appellant's various recusal attempts, a history which we will not detail here, suffice it to say we find a violation of due process in the inadequacy of notice to appellant regarding the recusal hearing. The Supreme Court has made it clear that the record of service supporting a default judgment must show strict compliance with the rules governing service of process. *See Higginbotham v. General Life & Accident Ins. Co.*, 796 S.W.2d 695, 697 (Tex.1990); *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex.1985). Furthermore, as has been noted in the context of default judgments, actual knowledge of the existence of a lawsuit does not cure inadequate service of process as provided by law. *See Wilson v. Dunn*, 800 S.W.2d 833, 836–37 (Tex.1990). Under the circumstances pre-

sented in the record before us, we find appellant's due process rights were violated by the inadequacy of the notice of the hearing date on the motion to recuse.

Since the record in this case presents us with what amounts to an erroneous failure to provide appellant a hearing on his motion, the proper remedy is to abate the instant appeal and order a new hearing be afforded to appellant with adequate notice provided for said hearing. *See Sanchez v. State*, 926 S.W.2d 391, 396 (Tex.App.—El Paso 1996, pet. ref'd). We therefore sustain appellate issue fourteen, abate the appeal pending a new recusal hearing, and upon completion of said hearing, we direct that the reporter's record and order of the assigned judge be forwarded to this Court as a supplemental record in the instant appeal.

APPEAL ABATED.