Opinion issued March 1, 
2005
In 
The
Court of 
Appeals
For The
First District of 
Texas  


NO. 01-05-00143-CV


WANDA HUDSON, AS THE MOTHER OF SUN, 
Appellant  
V.  
TEXAS CHILDREN’S HOSPITAL, 
Appellee  

  
On 
Appeal from Probate Court No. 4
Harris County, Texas
Trial Court Cause No. 
352,526  

  
CONCURRING OPINION  
          I 
join the court's opinion and write separately to add two observations.[1]
          First, 
our holding that the motion to recuse must be referred to another judge for 
review is not an opinion as to the timeliness or the merit of the motion, nor 
should it be read as a criticism of the character of the trial judge. See In 
re Union Pacific Resources Co., 969 S.W.2d 427, 429 (Tex. 1998) (Hecht, J., 
concurring) ("While no judge likes to think of being perceived as partial, a 
hearing on a motion to recuse is simply not a trial of the judge's character and 
should not be treated as such."). Although the motion ultimately may prevail or 
fail, the method by which our court system handles such motions is fundamental 
to public confidence in the judiciary. See Johnson v. Pumjani, 56 S.W.3d 
670, 672 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (holding that 
procedurally insufficient motions to recuse must be referred so as to avoid even 
the appearance of impropriety; court system's handling of motions to recuse 
"goes to the very heart of the promise of impartiality."). Thus, "[t]he less a 
judge is involved in recusal proceedings, voluntarily or involuntarily, the 
better."  Union Pacific, 969 S.W.2d at 429 (Hecht, J., 
concurring).
          Second, 
our own court—as well as other courts of appeals—has taken divergent positions 
as to whether the sitting judge may deny a recusal motion as procedurally 
deficient and thus be excused from referring it to another judge for a 
hearing.[2]  
These opinions differ in result depending upon the circumstances.  Such 
inconsistent decisions create uncertainty for a trial court faced with an 
untimely or otherwise procedurally defective motion to recuse—sometimes the 
trial judge may be found to have the authority to deny the recusal motion 
without referring it, but sometimes not.  If a trial judge cannot determine 
timeliness (and Rule 18a does not provide that he can), then we should say so 
consistently—so that referral of recusal motions becomes automatic, no matter 
the circumstance.[3]  
See Tex. R. Civ. P. 
18a.
 
 
                                                                        Jane 
Bland
                                                                        Justice    

Panel consists of Chief Justice 
Radack and Justices Higley and Bland.  
Justice Bland, 
concurring.  
En banc consideration was 
requested. See Tex. R. App. 
P. 42.1(c).  
A majority of Justices voted 
against en banc consideration. See id.  
Justice Jennings, dissenting from 
the denial of en banc consideration.



NOTES
1. 
       See In re Union 
Pacific Resources Co., 969 S.W.2d 427, 429 (Tex. 1998) (Hecht, J., 
concurring).
2. 
       Compare, 
e.g., Metzger v. Sebek, 892 S.W.2d 20, 49 (Tex. App.—Houston [1st 
Dist.] 1994, writ denied) (holding that trial judge must refer issue of 
timeliness), with Petitt v. Laware, 715 S.W. 2d 688, 692 (Tex. 
App.—Houston [1st Dist.] 1986, writ ref’d n.r.e.) (holding that trial judge 
excused from referring untimely motion); Leon County v. Grayson, No. 
10-03-00101-CV, 2003 WL 21780961, at *2-3 (Tex. App.—Waco July 30, 2003, no 
pet.) (mem. op.) (majority holding that trial judge must refer motion; dissent 
contending that motion was untimely and thus judge could deny it), with 
Spigener v. Wallis, 80 S.W.3d 174, 181 (Tex. App.—Waco 2002, no pet.) 
(holding that trial judge excused from referring recusal motion because it was 
not timely filed or verified); In re Rio Grande Valley Gas Co., 987 
S.W.2d 167, 178-79 (Tex. App.—Corpus Christi 1999, no pet.) (holding that 
referral is mandatory, regardless of sufficiency of motion), with Wright v. 
Wright, 867 S.W.2d 807, 811 (Tex. App.—El Paso 1993, writ denied) (holding 
that trial judge need not refer untimely motion), and Lamberti v. 
Tschoepe, 776 S.W.2d 651, 652 (Tex. App.—Dallas 1989, writ denied) (holding 
that “regardless of the ‘procedural sufficiency’ of the motion, [judge] has only 
the option to act in one of two ways: to recuse himself, or refer the case to 
the presiding judge.”).
3.        This 
is not to disagree that, at minimum, the motion must be in writing. See 
Buckholts Indep. Sch. Dist. v. Glaser, 632 S.W.2d 146, 148 (Tex. 1982).