REVERSE and REMAND; Opinion issued January 29, 2013



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-10-01592-CV
_____

### VICTOR ENTERPRISES, INC., Appellant

### V.

### CLIFFORD HOLLAND, Appellee

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-09-07625-A**

# MEMORANDUM OPINION

Before Justices Bridges, Richter, and Lang
Opinion By Justice Bridges

In eleven issues, appellant Victor Enterprises, Inc. ("VEI") appeals from a final judgment entered in favor of appellee Clifford Holland. Because we conclude the trial judge erred in failing to either recuse herself or refer appellant's first motion to recuse, we reverse and remand.

## Background

Trial of the underlying lawsuit commenced on October 29, 2009, and then progressively continued on May 6, 2010, September 9, 2010, and September 20, 2010. Nearly 9 months after the October 2009 commencement of trial, Holland filed his first supplement to second amended answer[1]

---

[1] This supplement was filed on July 14, 2010.

and, for the first time, asserted a counterclaim for "all damages pursuant to TEX. R. CIV. P. 752, including, but not limited to, attorney's fees, costs, lost time, and mental anguish damages."

VEI filed its initial motion to recuse Judge Benson ("First Recusal Motion") on September 1, 2010. The First Recusal Motion, including its certificate of service, was dated August 30, 2010. On September 9, 2010, the parties appeared before the trial court, and Judge Benson denied the motion to recuse as follows:

> On September 1st, by file mark, [VEI] filed a motion to recuse. It was mailed on August 30th, which is less than the necessary time for filing a motion for recusal; therefore, the Court is denying the recusal as untimely, and this case will proceed to trial on September 20th, 2010.

According to its certificate of service, VEI then filed and served a second motion to recuse ("Second Recusal Motion") on September 9, 2010. The Second Recusal Motion is file-marked September 13, 2010. On September 20, 2010, Judge Benson denied the Second Recusal Motion as follows:

> THE COURT: . . . The continuation of the trial in this case was set for today, which is September 20th. Your second motion to recuse was not filed until September 13th, which was less than 10 days before the trial setting. However, I believe it was untimely to begin with because it was not filed 10 days before the initial trial date.
>
> [COUNSEL FOR VEI]: So you're overruling the second motion for recusal?
>
> THE COURT: The second motion for recusal is untimely.

Subsequently, Judge Benson entered a final judgment in favor of Holland. On October 4, 2010, VEI filed its request for findings of fact and conclusions of law.[2] VEI then filed its notice of past due findings of fact and conclusions of law on October 28, 2010. VEI has represented to this Court that Judge Benson has failed to file findings of fact and conclusions of law in the

---

[2] The certificate of service on the request is dated September 30, 2010.

underlying matter, and we do not find any in the record before us.

## Analysis

In its first issue, VEI alleges the County Court at Law No. 1, with Judge Benson presiding, erred in failing to either recuse herself, or to refer its motion to recuse filed on August 30, 2010. If a motion to recuse is denied as here, it may be reviewed for abuse of discretion on appeal from the final judgment. TEX. R. CIV. P. 18a(f).

The version of Rule 18a in effect at the time of filing the First Recusal Motion provided, in pertinent part, as follows:

> (a) At least ten days before the date set for trial. . . , any party may file with the clerk of the court a motion stating grounds why the judge before whom the case is pending should not sit in the case.
>
> . . .
>
> (c) Prior to any further proceedings in the case, the judge shall either recuse himself or request the presiding judge of the administrative judicial district to assign a judge to hear such motion.
>
> . . .
>
> (d) If the judge declines to recuse himself, he shall forward to the presiding judge of the administrative judicial district, in either original form or certified copy, an order of referral, the motion, and all opposing and concurring statements.

TEX. R. CIV. P. 18a. Thus, in the event a recusal motion is filed, a trial judge must promptly enter one of the two orders which are permitted: recusal or referral. *See id.*; *Bourgeois v. Collier*, 959 S.W.2d 241, 246 (Tex. App.–Dallas 1997, no writ); *Lamberti v. Tschoepe*, 776 S.W.2d 651, 652 (Tex. App.–Dallas 1989, writ denied); *Greenberg, Benson, Fisk & Fielder v. Howell*, 685 S.W.2d 694, 695 (Tex. App.–Dallas 1984, no writ). Instead of recusing herself or referring the motion as required by rule 18a, Judge Benson denied the First Recusal Motion as untimely. However, we have

already held that, regardless of the "procedural sufficiency" of the motion, the trial judge has the option only to act in one of two specified ways: recuse herself or refer the case to the presiding judge. *See Bourgeois*, 959 S.W.2d at 246; *Lamberti*, 776 S.W.2d at 652; *Greenberg*, 685 S.W.2d at 695. By pursuing an option unavailable through any rule or statute, the trial court abused its discretion as a matter of law. *Lamberti*, 776 S.W.2d at 652; *Greenberg*, 685 S.W.2d at 695.

We, therefore, conclude: (1) Judge Benson was not authorized to rule on the First Recusal Motion, and (2) Judge Benson was required to comply with the mandates of rule 18a and, after the First Recusal Motion was filed, was not authorized to take any action except for those actions specifically authorized by rule 18a. *See Bourgeois*, 959 S.W.2d at 246. Accordingly, the denial of the First Recusal Motion is vacated. Because we have determined Judge Benson was without power to continue to hear this case, any orders or judgment made subsequent to the denial of the First Recusal Motion are void. *See Lamberti*, 776 S.W.2d at 652.

We sustain VEI's first issue and reverse and remand the case to the trial court for proceedings consistent with this opinion.

DAVID L. BRIDGES
JUSTICE

101592F.P05

−4−



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

VICTOR ENTERPRISES, INC., Appellant

No. 05-10-01592-CV       V.

CLIFFORD HOLLAND, Appellee

Appeal from the County Court at Law No. 1 of Dallas County, Texas. (Tr.Ct.No. CC-09-07625-A).
Opinion delivered by Justice Bridges, Justices Richter and Lang.


     In accordance with this Court's opinion of this date, all orders made subsequent to, and including, the denial of the First Recusal Motion are vacated as void and the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for proceedings consistent with this Court's opinion. It is **ORDERED** that appellant Victor Enterprises, Inc. recover its costs of this appeal from appellee Clifford Holland.


Judgment entered January 29, 2013.


_____
DAVID L. BRIDGES
JUSTICE