**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00251-CV**

_____

**IN RE LONNIE KADE WELSH**

**Original Proceeding**
**435th District Court of Montgomery County, Texas**
**Trial Cause No. 15-01-659-CV**

**MEMORANDUM OPINION**

In a mandamus petition, Lonnie Kade Welsh complains that Patricia Maginnis, the judge of the 435th District Court of Montgomery County, Texas, abused her authority: (1) by issuing a biennial review order in Welsh's sexually violent predator (SVP) commitment proceeding while a written motion to recuse was pending; (2) by deciding the biennial review without Welsh being present; and (3) by failing to perform her duty to either recuse from the case or refer the motion to recuse to the regional presiding judge. As relief, Welsh asks this Court to either

1

void or reverse the biennial review order, or to compel Judge Maginnis to comply with her duty to respond to the motion to recuse.

Welsh was finally committed as a sexually violent predator in 2015. SVP commitment orders remain in effect until the committed person is no longer likely to engage in a predatory act of sexual violence. *See* Tex. Health & Safety Code Ann. § 841.081(a). The 435th District Court retains jurisdiction over the commitment and any biennial reviews of the commitment order. *See In re Welsh*, No. 09-18-00126-CV, 2018 WL 1864729, at *1 (Tex. App.—Beaumont Apr. 19, 2018, orig. proceeding [mand. denied]) (mem. op.). The trial court conducts a biennial review of the SVP commitment order to determine whether the requirements imposed on the committed person should be modified or whether probable cause exists to believe the person's behavioral abnormality has changed to the extent that he is no longer likely to engage in a predatory act of sexual violence. *See* Tex. Health & Safety Code Ann. § 841.102. He is entitled to representation by counsel in a biennial review, but he is not entitled to be personally present. *Id.* § 841.102(b).

Welsh claims he began representing himself in the SVP case on April 28, 2020. On August 25, 2020, Welsh filed an unverified motion to recuse the judge of the 435th District Court. The motion alleged that Judge Maginnis's impartiality might reasonably be questioned because she had failed to (1) sign a biennial review

2

order in a timely fashion, (2) rule on Welsh's petition for unauthorized release from SVP commitment, and (3) rule on Welsh's objections to biennial review.

Judge Maginnis signed a biennial review order on October 7, 2020. The order includes a finding that there is no evidence submitted to the trial court to suggest that sex offender treatment has resulted in Welsh's behavioral abnormality changing to the extent that he is no longer likely to engage in a predatory act of sexual violence. The order does not mention Welsh's motion to recuse.

Welsh attached to his mandamus petition an unsworn declaration in which he states under penalty of perjury that an unnamed deputy district clerk on August 28 or 31, 2020, informed Welsh in a telephone call that she would notify the presiding judge that Welsh had filed a motion to recuse. Welsh argues the biennial review order is void because it was signed while an unresolved motion to recuse was then pending. He argues mandamus relief is available to compel the trial court to vacate a void order.

Rule 18a of the Texas Rules of Civil Procedure establishes the procedure for filing and resolving a motion to recuse a trial court judge. *See* Tex. R. Civ. P. 18a. A motion to recuse: (1) must be verified; (2) must assert a ground listed in Rule 18b; (3) must not be based solely on the judge's rulings in the case; and (4) must state with particularity facts that would be admissible in evidence and sufficient to justify recusal. Tex. R. Civ. P. 18a(a). When a motion is filed, the clerk of the court has a

3

duty to deliver a copy to the respondent judge and to the regional administrative presiding judge. Tex. R. Civ. P. 18a(e). Regardless of whether the motion complies with Rule 18a, the respondent judge, within three business days after the motion is filed, must either recuse or refer the motion to the regional presiding judge. Tex. R. Civ. P. 18a(f)(1). Whether the respondent judge may proceed depends upon whether the motion is filed before evidence has been offered at trial: the respondent judge must take no further action in the case until a pre-trial motion has been decided, but a judge may proceed if a motion is filed after evidence has been offered at trial, subject to a stay by the regional presiding judge. Tex. R. Civ. P. 18a(f)(2). The movant may notify the regional presiding judge if the respondent judge fails to comply with a duty imposed by Rule 18a. *Id*. Rule 18a(f)(3).

When a trial judge is presented with a motion to recuse, she must either recuse herself or refer the motion to the regional presiding judge. *Brousseau v.* Ranzau, 911 S.W.2d 890, 892 (Tex. App.—Beaumont 1995, no writ). But the mandamus record in this case fails to establish that Judge Maginnis refused to recuse or refer the motion to recuse to the regional presiding judge. To the contrary, the record shows that the trial court clerk failed to deliver the motion to recuse to Judge Maginnis. *See* Tex. R. Civ. P. 18a(e)(1). Under the circumstances, the appropriate action is for the trial court clerk to deliver the motion to recuse to Judge Maginnis so that the judge may perform her duties under Rule 18a(f). Absent evidence that Judge Maginnis was

4

aware of the motion to recuse, we cannot say that she failed to perform a ministerial duty, since no such duty arises without the trial court's knowledge that the motion was filed. The petition for a writ of mandamus is denied without prejudice.

PETITION DENIED.

PER CURIAM

Submitted on November 12, 2020
Opinion Delivered December 3, 2020

Before McKeithen, C.J., Kreger and Johnson, JJ.