Richàrd McCONATHY, Appellant,

v.

KEN R. DAVEY, INC., Appellee.

No. 05–86–00606–CV.

Court of Appeals of Texas, Dallas.

June 1, 1987.

Rehearing Denied July 15, 1987.

**48**

Scott A. Stewart, Dallas, for appellant.

Reagan M. Martin, Dallas, for appellee.

Before HOWELL, McCLUNG and McCRAW, JJ.

HOWELL, Justice.

Defendant Richard McConathy appeals from a judgment holding him liable on a promissory note that he executed in favor of plaintiff, Ken R. Davey, Inc. In his sole point of error, defendant contends that the trial court lacked jurisdiction to enter the judgment because it failed to conduct a hearing on plaintiff's motion for reinstatement as required by rule 165a.[1] We disagree and affirm.

The record reflects as follows:

*May 3, 1983*—Plaintiff's original petition filed.

*June 29, 1983*—Defendant answered by general denial.

*September 18, 1985*—Judgment signed dismissing case for want of prosecution.

*September 25, 1985*—Plaintiff filed motion for reinstatement.

*September 25, 1985* (same day)—Court signed order reinstating case. Apparently, no hearing was held; defendant received no notice, was not present and had no opportunity to be present.

*November 26, 1985*—Trial court signed final judgment against defendant reciting that a trial on the merits was had on November 14, after notice to defendant, nonappearance of defendant and evidence heard in defendant's absence.

*December 2, 1985* and *January 27, 1986*—Defendant filed motion for new trial and motion to set aside judgment alleging no notice of the November 14 trial date and that the reinstatement order of September 25, 1985 was void for want of compliance with rule 165a.

*February 7, 1986*—Defendant's motions heard, both parties present, hearing on the record. The argument centered on the validity of the reinstatement order, defendant arguing it to be void.

*February 11, 1986*—Court signed order granting new trial reciting at its conclusion, "all other relief not expressly granted is hereby denied." Necessarily, the attack upon the reinstatement order was overruled.

*March 20, 1986*—Trial on the merits. Defendant appeared by attorney and objected that the court was without jurisdiction on grounds that the reinstatement order was void. The court rejected the argument and proceeded to trial.

*April 5, 1986*—Trial court signed judgment in favor of plaintiff from which this appeal has been taken.

Defendant contends that the order of reinstatement was void because the court failed to issue advance notice to him and conduct an adversary hearing on plaintiff's motion before ruling upon it. If the reinstatement were truly void, it would follow that the dismissal order had long since become final and the court was without jurisdiction to enter judgment for plaintiff on April 5, 1986. However, we are of the opinion that the trial court never lost jurisdiction even though it failed to comply with the rule.

> The salient parts of the rule provide: Reinstatement.... A copy of the motion ... *shall* be served on each ... party.... The court *shall* notify all parties ... of the date, time and place of the hearing.
>
> The court shall reinstate the case upon finding *after a hearing* that the failure [to proceed] ... was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.

Rule 165a(2) (emphasis added).

Plainly, the language of the rule ("shall") is mandatory. Just as plainly, the rule

---

1. All rules cited in this opinion are Texas Rules of Civil Procedure.

contemplates that before the motion is ruled upon, the opposing party must be provided with a copy, that the motion must be set down for hearing, that the opponent must be seasonably notified, that movant must make an adequate showing why reinstatement should be granted, and that the opponent must be afforded an opportunity to resist the request. Under the rule, all of this must occur before, not after, the court makes its ruling. It is plain that the trial court erred in failing to follow the prescribed procedure in connection with its reinstatement order of September 25, 1985.

However, our finding of trial court error does not end the inquiry. It is fundamental that the jurisdictional power to rule encompasses and includes the power to rule erroneously. On September 25, 1985, the court still had jurisdiction over its order of dismissal, entered only seven days earlier.

An order that is entered without observing requirements that are purely procedural is not void, however erroneous it may be. *Brazzel v. Murray*, 481 S.W.2d 801, 803 (Tex.1972); *also cf. Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985) ("errors other than jurisdictional deficiencies render [a] judgment merely voidable...."). Thus, although the order of reinstatement was erroneous for failure to follow the procedural requirements of rule 165a, it was not void. Despite the fact that it acted erroneously, it is beyond doubt that on September 25, 1985, the trial court possessed the raw, naked power to act. On September 25, 1985, the court still had the power to act because less than thirty days had elapsed since entry of the dismissal. Its action, albeit erroneous action, was sufficient to restore the case to the docket of pending cases. The trial court never lost jurisdiction and the judgment of April 5, 1986 may not be challenged for want of jurisdiction.

Any doubt whether the court's error of September 25, 1985 deprived it of jurisdiction is resolved by the further provision of the rule:

If a motion to reinstate is timely filed by any party, the trial court, ... has plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written order or by operation of law, whichever occurs first.

Rule 165a (2). If the court had plenary power to reinstate on September 25, 1985, it could have done so with no motion at all; it could have acted entirely on its own initiative. The court being armed with plenary power to act with no motion at all, the error complained of cannot rise to jurisdictional proportions.

We avoid a direct ruling upon a proposition not clearly before us. We do note in passing the general rule that any error in the granting of a new trial is cured if the new trial be fairly had. *Silva v. Sentinel Life Ins. Co.*, 361 S.W.2d 731 (Tex.Civ.App. —El Paso 1962, writ ref'd n.r.e.).

A reinstatement order is a judicial act that annuls a prior judicial act that was framed or calculated to finally conclude a particular case. An order granting a new trial fits the same definition. For the purposes at hand, the similarities exceed the dissimilarities. It follows that reinstatement should be governed by the rule pertaining to orders granting new trial: In the absence of actual prejudice, the order setting aside the prior judicial act is not appealable—not even after a new final judgment is rendered. *Id.*

By this appeal, defendant presents only a jurisdictional challenge. Defendant does not contend that the error of September 25, 1985 affected the fairness of the trial occurring on March 20, 1986. He does not intimate that the result would have been different had the case been tried on or prior to the dismissal date of September 25, 1985. Had defendant contended that during such interim, a crucial witness died or disappeared or had he presented other factual allegations of prejudice from delay, we might have authority to reverse for the error in failing to comply with rule 165a. Having reversed, we might remand with instructions or, if the record were fully developed, we might render in defendant's favor. However, his unembellished claim of "void reinstatement order" avails him nothing. The order was not void and the

error did not oust the trial court of jurisdiction.

We hold that jurisdiction persisted through the trial that occurred on March 20, 1986. *See Stelter v. Langoria,* 687 S.W.2d 498, 499 (Tex.App.—Houston [14th Dist.] 1985, no writ). The trial court never lost jurisdiction over the cause and entered a valid judgment on April 5, 1986, after defendant had refused to participate in the trial. Defendant's sole point of error is overruled and the trial court's judgment is

AFFIRMED.