**EAGLE SIGNAL CORPORATION, Relator,**

v.

**The Honorable Don WITTIG, Judge of the 125th District Court of Harris County, Texas, Respondent.**

No. 01–88–01108–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 23, 1989.

---

John F. Sullivan of Fulbright & Jaworski, Houston, Barbara T. Baruch with the City of Houston, for relator.

Terrill L. Flenniken of Jamison & Brannon, Houston, for respondent.

Before DUGGAN, COHEN and MIRABAL, JJ.

## OPINION

PER CURIAM.

Relator, Eagle Signal Corporation, asks this Court to order respondent, the Honorable Don Wittig, Judge of the 125th District Court of Harris County, Texas, to vacate his order overruling Eagle's motion to dismiss and to set aside a previous order reinstating the underlying lawsuit.

This Court previously granted Eagle's motion for leave to file a petition for writ of mandamus. The real party in interest, James Grimes, who is the plaintiff in the underlying lawsuit, has filed a response to the petition for writ of mandamus, and Eagle has filed a reply.

On August 21, 1987, respondent's predecessor, the Honorable Michael J. O'Brien, dismissed Grimes' lawsuit for want of prosecution under Tex.R.Civ.P. 165a. On November 17, 1987, Grimes filed a verified motion to reinstate, which recited in part:

Plaintiff's attorney did not receive notice that this case would be dismissed for want of prosecution. Consequently, a motion to retain was not filed. Plaintiff's attorneys did not receive any notice in the mail that the case had been dismissed for want of prosecution. Furthermore, plaintiff's attorneys had no actual or constructive knowledge that the case had been dismissed until November 6, 1987. On November 6, 1987, plaintiff's attorneys discovered that this case had been dismissed during a routine phone call to the court. Upon learning of the dismissal, plaintiff's attorney immediately prepared this motion to reinstate and, or for new trial.

\*   \*   \*   \*   \*   \*

Plaintiff would show that the case was dismissed because the notice of dismissal, although the court may have sent it, did not arrive at the offices of plaintiff's attorney. Furthermore, this case was filed in 1985, and papers have been filed throughout 1987. Therefore, plaintiff's attorneys did not expect this case to be subject to dismissal during the year of 1987. Plaintiff believes that the facts as stated in this motion reasonably explain why a motion to retain was not filed in this case, and this failure was not intentional nor the result of conscious indifference.

The facts contained in the motion to reinstate were sworn to by Grimes' attorney on personal knowledge. Grimes did not request a hearing on the motion. There is nothing in the record that indicates Eagle filed a response to the motion or that Eagle requested a hearing. It is undisputed that there was no hearing on the motion. Judge O'Brien signed an order reinstating the case on December 8, 1987, expressly finding that "the dismissal was not caused by intentional failure or conscious indifference on the part of plaintiff or his attorneys."

Judge O'Brien resigned from the bench shortly after signing the order, and the Honorable Don Wittig was appointed to succeed Judge O'Brien in April, 1988.

On June 1, 1988, Eagle filed a motion to dismiss for want of jurisdiction, contending that the trial court did not have jurisdiction to reinstate the case because Grimes did not obtain a hearing on his motion and did

not present proof to establish when he received notice of the dismissal. On July 1, 1988, Judge Wittig held an oral hearing on Eagle's motion and denied it.

Five months after Judge Wittig denied Eagle's motion to dismiss, Eagle filed a motion for leave to file a petition for writ of mandamus. This Court granted leave to file on December 8, 1988. On December 8, 1988, Judge Wittig held a hearing on the motion to reinstate, and then reaffirmed Judge O'Brien's earlier order reinstating the case.

■ Mandamus relief is available to set aside a void order of the trial court. *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex.1973). If a trial court reinstates a case when it has no authority to do so, the order of reinstatement is void. *Walker v. Harrison*, 597 S.W.2d 913 (Tex.1980); *N–S–W Corp. v. Snell*, 561 S.W.2d 798 (Tex. 1977).

■ The procedure for obtaining relief from a dismissal for want of prosecution is set forth in Tex.R.Civ.P. 165a, which provides in pertinent part:

A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by rule 306a.

Since Grimes' motion to reinstate was not filed within 30 days after the order of dismissal was signed, the question is whether it was filed within the time period provided by Tex.R.Civ.P. 306a. Rule 306a provides that a party that did not have notice or knowledge of a judgment or order may be afforded 30 days from the date he acquired such notice or knowledge in order to invoke the trial court's plenary jurisdiction, provided that he can:

prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than 20 days after the judgment was signed.

Tex.R.Civ.P. 306a(5).

The supreme court in *Memorial Hospital v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987), held that compliance with the time periods prescribed by these rules is a jurisdictional prerequisite.[1]

In the present case, Grimes presented evidence to the trial court that he had no actual or constructive knowledge that the case had been dismissed until November 6, 1987; this evidence was presented by affidavit testimony in the form of his sworn motion to reinstate. Attached to the sworn motion is a certificate of service certifying that a copy of the motion to reinstate was forwarded to all opposing counsel.

Since Grimes presented probative evidence of the date he first received notice of the dismissal, and since he filed his motion to reinstate 11 days after that date, the trial court maintained jurisdiction and had the power to reinstate the cause when it issued its order of December 8, 1987.

■ It is fundamental that the jurisdictional power to rule encompasses and includes the power to rule erroneously. *McConathy v. Ken R. Davey, Inc.*, 734 S.W.2d 47, 49 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). The trial court may have erred in not holding an oral hearing for the presentation of evidence on the question of whether the failure of Grimes to act was intentional or the result of conscious indifference pursuant to Tex.R.Civ.P. 165a. *See Gulf Coast Inv. Corp. v. Nasa I Business Center*, 754 S.W.2d 152, 153 (Tex.

---

1. In *Memorial Hospital v. Gillis*, the order reinstating the case was void. There, Gillis filed an unverified motion to reinstate; in her motion, Gillis did not allege that she had no notice or knowledge of the dismissal order within 20 days of its rendition; although a hearing was held, no statement of facts was presented on appeal; the order of reinstatement did not recite any findings. There was nothing in the record to indicate that Gillis sustained her burden of proving that the date she first learned of the dismissal was more than 20 days after the dismissal order was signed. Therefore, there was nothing to support the trial court's retention of jurisdiction past 30 days after the order of dismissal was signed.

1988); *McConathy*, 734 S.W.2d at 49.[2] However, an order that is entered without observing requirements that are purely procedural is not void, no matter how erroneous it may be.

The petition for writ of mandamus is denied.

**2.** We note that in the *Gulf Coast Investment Corp.* case, the party moving for reinstatement specifically requested a hearing on the motion, and the trial court refused to conduct an oral hearing. 754 S.W.2d at 153. In the *McConathy* case, the defendant had no notice that a motion for reinstatement had been filed. 734 S.W.2d at 48. In the present case, there was notice, and neither party requested a hearing. Here, we do not decide whether the failure to conduct a hearing was error.