**Abdul R. BALUCH, Relator,**

v.

**Honorable Dee MILLER, Judge, 254th District Court of Dallas County, Texas, Respondent.**

**No. 05–89–00347–CV.**

Court of Appeals of Texas, Dallas.

June 12, 1989.

Earle S. Lilly, Pamela E. George, Dallas, for relator.

Anne D. Turner, Gregg A. Cooke, Kyara Marie Victor, Judy L. Miller, Dallas, for respondent.

Before STEWART, ROWE and OVARD, JJ.

STEWART, Justice.

Relator Abdul R. Baluch brings this petition for writ of mandamus to command the Honorable Dee Miller, Judge of the 254th Judicial District Court of Dallas County, Texas, to vacate an order denying his motion to proceed to trial and refusing to set a hearing or hear any other temporary matters until Baluch paid $25,000 in interim attorney fees. · We find that Judge Miller abused her discretion in refusing to pro-

ceed to trial; accordingly, we grant the writ.

This is Baluch's second mandamus petition to this Court arising from the underlying dispute between the parties. *See Baluch v. O'Donnell*, 763 S.W.2d 8 (Tex.App.—Dallas 1988, orig. proceeding). Baluch is the petitioner in a voluntary legitimation proceeding in which he seeks custody of his son, Abdul Baluch II. After multiple pleadings and motions had been filed, and hearings on motions had been held, the Honorable Bob O'Donnell, Judge, 301st Judicial District Court of Dallas County, Texas, entered a temporary order on September 2, 1987 which granted custody to the mother, Kyara Marie Victor, and awarded her $25,000 in interim attorney fees. Baluch was ordered to pay the attorney fees by October 1, 1987, but did not pay them. On December 8, 1987, the court entered an order striking Baluch's pleadings as sanctions under rule 215(2)(b) of the Rules of Civil Procedure. On September 21, 1988, this Court found that Judge O'Donnell abused his discretion for entering the order striking Baluch's pleadings, because the order awarding interim attorney fees was not a discovery order. *Baluch v. O'Donnell*, 763 S.W.2d 8, 11 (Tex.App.—Dallas 1988, orig. proceeding). On September 23, 1988, Judge O'Donnell vacated his earlier order and notified the parties that the case would be set for a jury trial on October 24, 1988. Baluch filed a motion for a continuance. On October 18, 1988, Judge O'Donnell issued an agreed order granting a continuance; the order did not specify a date on which the case would be tried.

On February 9, 1989, Judge O'Donnell recused himself from the case and asked the presiding judge of the administrative district to reassign the case. On February 27, 1989, the local administrative judge transferred the case from the 301st District Court to the 303rd. On March 3, 1989, the case was transferred again, this time from the 303rd District Court to the 254th, Judge Miller's court.

Thirteen days after the transfer to Judge Miller's court, on March 16, 1989, Baluch filed a motion for a trial setting. A hearing was held on this motion on March 20, 1989. At that time, the record reflects that the court said the following:

I think that is true [that no trial setting would be made until the attorney fees are paid]. As soon as it is paid I will give you-all a special setting in 60 days and I promise you cases in my court do go when there [sic] are set. They go fairly rapidly. I am prepared and I have got the kind of docket where I can easily plug it in any 60–day period. But I am going to go on—I read the mandamus and it may be that I am wrong, but the mandamus was granted because sanctions were issued for something that had nothing to do with discovery, and sanctions can only be granted when there is a problem with the discovery process; but, I am not going to grant any sanctions. I am prepared to try this any day as soon as the prior orders of Judge O'Donnell are complied with or when the Court of Appeals tell [sic] me that I have to set it.

MS. GEORGE [COUNSEL FOR BALUCH]: So, am I to understand that if the twenty-five thousand dollars in fees are not paid, then there will be no trial setting in this cause.

THE COURT: I am not going to hear anything until the $25,000.00 or the Court of Appeals order [sic] me to do that.

Baluch challenges the order entered by Judge Miller on three bases. We first address his assertion that Judge Miller had no jurisdiction to hear the case, because the assignment of the case to her court was improper. Baluch offers no authority or argument in support of this contention. The record reflects that the case was transferred twice; once from the 301st District Court to the 303rd, and then from the 303rd to the 254th, Judge Miller's court. In both instances, the order of assignment was signed by Mark Whittington, who is characterized in the order of assignment as "Local Administrative Judge". A local administrative judge has the duty to implement and execute the local rules of administration; this duty includes transfer of cases. TEX.GOV'T CODE ANN.

§ 74.092(1) (Vernon Supp.1989). Thus, there is authority for the local administrative judge to transfer Baluch's case. While we see nothing in the record to support relator's claim that the transfer was improper, it is possible that the transfer was erroneous. However, an order that is entered without observing requirements that are purely procedural is not void; as a result, mandamus will not lie to attack it. *Eagle Signal Corp. v. Wittig*, 766 S.W.2d 390, 393 (Tex.App.—Houston [1st] 1989, orig. proceeding); *Qwest Microwave, Inc. v. Bedard*, 756 S.W.2d 426, 436 (Tex.App.—Dallas 1988, orig. proceeding). Thus, we decline to grant relief on the basis of the transfer of the case from Judge O'Donnell's court to Judge Miller's court.

Baluch also challenges the validity of the court order awarding interim attorney fees. This Court said in its prior opinion that Baluch has an adequate remedy on appeal to challenge the validity of the order. *Baluch v. O'Donnell*, 763 S.W.2d 8, 11 (Tex. App.—Dallas 1988, orig. proceeding). We will not pass upon that matter again. *Beckham v. City Wide Air Conditioning Co.*, 695 S.W.2d 660, 662 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). Thus, we treat the Order of Interim Attorneys' Fees as a valid order for purposes of this proceeding.

■ Baluch next argues that Judge Miller has no authority to refuse to proceed to trial. He contends that the denial of his motion to set the case for trial has denied him access to the justice system to which he is constitutionally entitled. U.S. CONST. XIV; Tex. Const. Art. I § 19; *Nelson v. Krusen*, 678 S.W.2d 918, 921 (Tex. 1984). He further argues that Judge Miller's attempt to use her inherent power to control her trial docket as a method of imposing sanctions for failure to comply with a temporary order or as a means of enforcing that order is beyond the scope of docket control; thus, the trial court refused to perform the mandatory duty of setting the case for trial. *Greenberg, Benson, Fisk and Fielder, P.C. v. Howell*, 685 S.W.2d 694, 695 (Tex.App.—Dallas 1984, orig. proceeding).

Judge Miller responds that: (1) the underlying suit is a suit affecting the parent-child relationship and that the temporary order at issue is authorized by Section 11.11(a)(5) of the Family Code[1]; *Shirley v. Montgomery*, 768 S.W.2d 430 (Tex.App.—Houston [14th Dist.] 1989, orig. proceeding). and (2) that she had no clear affirmative duty to set the matter for trial, especially since Baluch refuses to comply with a valid court order. She further notes that Baluch has never raised the issue of his inability to pay the interim fees ordered, thus distinguishing this case from *Shirley v. Montgomery, supra*. She maintains that, under these facts, her refusal to set the case for trial is the only means remaining to enforce the temporary order because discovery sanctions and contempt are not available. *Baluch v. O'Donnell*, 763 S.W.2d at 11. She says that granting mandamus relief will in effect negate the power granted to the judge by section 11.11(a)(5), thereby thwarting the legislative intent to allow a "fair fight" between the parties in suits affecting the parent-child relationship when, as here, only one party has the financial capacity to win through protracted litigation.

She also asserts that this case is distinguishable from the *Greenberg* case because Judge Howell did not delay ruling on pending motions in order to enforce compliance with his orders; instead, his refusal to rule pending the outcome of his election for a higher office was deemed arbitrary by the appellate court. Judge Miller contends she has not arbitrarily denied Baluch a forum but has specifically notified him that she is delaying trial only until he complies with the Order of Interim Attorneys' Fees.

Under the Texas Constitution, individuals are entitled to due course of law. TEX. CONST. art. I §§ 13, 19. Among the rights which are included under the guarantee of due course of law is the right to access to the courts. *Nelson v. Krusen*, 678 S.W.2d at 921; *Greenberg*, 685 S.W.2d at 695. Access to the courts necessarily includes the right to have a trial court hear

---

1. TEX.FAM.CODE ANN. § 11.11(a)(5) (Vernon 1986).

one's cause. *Greenberg*, 685 S.W.2d at 695. *Cf. Von Kolb v. Koehler*, 609 S.W.2d 654, 655 (Tex.Civ.App.—El Paso 1980, orig. proceeding) (under former article 1824 of Revised Civil Statutes [now see TEX. GOV'T CODE ANN. § 22.221(b) (Vernon 1989) ], refusal of trial court to set case for trial is subject to mandamus).

■ This case is similar in its procedural posture to the *Greenberg* case. In *Greenberg*, the trial judge refused to act on a motion to recuse or to conduct any other proceedings in the case, until after the general election. This Court held that the judge did not have the option to refuse to act on the motion to recuse. 685 S.W.2d at 695. In the present case, although Judge Miller has not refused to act on the pending motion to set the case for trial, the effect of her denial of that motion is to refuse to proceed to trial and judgment until the occurrence of an uncertain future event. We recognize that the occurrence of the event is within the control of Baluch. We also recognize that not all refusals to set a case for trial amount to a denial of the right to access to the courts under due course of law. TEX. CONST. art. I §§ 13, 19. For example, under Rule 215(2)(b)(5) of the Texas Rules of Civil Procedure, the court is authorized to stay further proceedings until a proper discovery order is obeyed; thus, a conditional abatement of proceedings is not a denial of access to the courts. Under Rule 215(2)(b)(5), as in our case, the recalcitrant party holds the key to end the abatement. However, there is no authority under the Rules of Civil Procedure or by statute to support the stay of further proceedings until an order awarding interim fees under Section 11.11(a)(5) is obeyed. Without such specific authorization, we hold that Judge Miller exceeded her authority in denying the motion to set the case for trial.

■ While this Court does not have the power in mandamus to compel a court to reach a result which necessarily involves the exercise of its discretion, we *do* have the power to order a trial judge to proceed to trial and exercise his or her discretion.

*Crofts v. Eighth Court of Appeals*, 362 S.W.2d 101, 105 (Tex.1962); *Greenberg*, 685 S.W.2d at 694–695. Accordingly, we direct Judge Miller to vacate her order of March 20, 1989 denying Baluch's motion for trial setting. We are confident that Judge Miller will comply with the directive of this Court. If she does not, the mandamus will issue.