**In re Michael A. FLORES, Relator.**

**No. 01–03–00641–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 19, 2004.

Frank E. Freeman, Houston, TX, for ad litem.

Lawrence S. Rothenberg, Attorney at Law, Houston, TX, for Relator.

Panel consists of Chief Justice SHERRY RADACK and Justices KEYES and ALCALA.

---

## OPINION

SHERRY RADACK, Chief Justice.

The issue presented in this petition for writ of mandamus is whether a trial court may refuse to set a case for trial because of a party's refusal to pay interim attorney's fees, which the trial court had previously ordered to be paid to the opposing party. We hold that, in this case, it may not, and, accordingly, conditionally grant the petition for writ of mandamus.

Relator, Michael Flores, and real party in interest, Tiffany Woodward, were divorced on September 21, 2000. The parties are the parents of two minor children. According to the record, the relationship between the parties has been acrimonious and litigious. After several legal skirmishes, Michael filed a motion to modify the parent-child relationship, seeking to have the exclusive right to determine the primary residence of the children and to make educational decisions for the children. Tiffany then filed a motion for interim attorney's fees, pursuant to section 105.001(a)(5) of the Family Code. *See* TEX. FAM.CODE ANN. § 105.001(a)(5) (Vernon Supp.2004). The trial court granted Tiffany's motion, ordering Michael to deposit $4000 as interim attorney's fees, which Michael failed to do. Tiffany then filed a motion to strike the upcoming trial setting because of Michael's failure to pay the interim attorney's fees.

The trial court held a hearing on the motion to strike the trial setting, at which the parties discussed a Dallas Court of Appeals case entitled *Baluch v. Miller*, 774 S.W.2d 299 (Tex.App.-Dallas, orig.proceeding).

[Counsel for relator]: This is simply a failure to pay attorney's fees, Judge, that's all it is. We're not talking about not showing up for a deposition or not completing discovery, we're talking about failure to pay interim fees. It is error for a trial court to deny someone their constitutional right to go to trial under these circumstances and the motion should be denied.

\* \* \* \*

[The Court]: I'm not possessed of a reputation for being overly generous with attorney's fees, I think if truth be told. If you lawyers or the other lawyers in the courtroom answered honestly, it would probably be generally held that some other judges are more generous than I am with attorney's fees. And in response to numerous requests that [counsel for real-party-in-interest] has made I granted $2,000 in the last case and then it seems to me the only reason that I set that order aside was because I ordered $4,000 in this case. I find it unsettling that a party could decline to obey orders of the Court and still take up the public's time in a jury trial. So, I'm going to abate this setting for next week while [counsel for real-party-in-interest], you try to tell me in writing by a short memoranda that this Dallas Court of Appeals decision is not the current law. And, [counsel for relator], you may, if you wish, get some direction, even by mandamus if you wish, from a Court of Appeals...... I'm conditionally granting his motion. I'm abating this trial setting. I don't want to delay this trial indefinitely, but I've got a problem with our orders not being obeyed by the movant. .... Yeah. I'm kind of interested in having you mandamus me.

[Counsel for relator]: I've never done that before to you, Judge.

[The Court]: Well, I'm not offended. I think the Appellate Court—our Appellate Court—I'm not bound by what a Dallas Court of Appeals says. And it's a legitimate question: Should I prohibit somebody from getting to trial if they haven't put up attorney's fees? It hardly seems fair to say yes in this particular

set of circumstances when this has been ongoing for probably two years. On the other hand, the—the basic import of the question sounds unfair to a movant, you know, that his access to a courthouse is locked absent payment of money.... But, I felt strongly enough, this person who is very—what is the word that's not politically incorrect? Tight.—this tight judge that awarded $4,000 in fees and none of them have been paid. I'm kind of nonplused by that. So, yes, I'm going to grant the motion for this time if you'll get an answer from the Appellate Court. And if they say I can't do it, I'll put you back on the fast track to get back to trial.

\* \* \* \*

[Counsel for relator]: This is not a divorce proceeding, this is a modification proceeding. That order is not for child support. That order is not for the best interest of the children. That order simply says pay attorney's fees. Therefore, it is a debt. And what the Court effectively is doing is barring someone from the courthouse for not paying a debt. .... I believe you can handle this effectively, Judge, by—at the end of the case. If I was [sic] to win the case, you could adjust the attorney's fees at that point or if [the real party-in-interest] was [sic] to win the case, you could accordingly put the attorney's fees there. I think there is adequate protection for the Court. So, I would respectfully ask the Court to reconsider its decision.

In *Baluch,* the trial court refused to set a case for trial or to hear any other temporary matters until the relator paid $25,000 in interim attorney's fees. *Id.* at 299. The relator filed a petition for writ of mandamus, contending that the trial judge had no authority to refuse to proceed to trial. *Id.* at 301. The trial judge responded that she had no way to enforce the award of interim attorney's fees other than by refusing to set the case for trial until the fees were paid. *Id.* Nevertheless, the Dallas court of appeals concluded that the trial court had no authority to stay the trial court proceedings until the interim attorney's fees were paid. *Id.* at 302.

Although we share the trial court's frustration in this situation, we agree with the Dallas Court of Appeals and hold that there is no authority for the trial court to refuse to proceed to trial under these circumstances. We do not believe that the trial court may compel compliance with its order of interim attorney's fees by refusing to set a case for trial. We agree with the Dallas Court of Appeals that "the effect of [the trial court's] denial of that motion is to refuse to proceed to trial and judgment until the occurrence of an uncertain future event." *Id.* As such, we hold that the refusal to proceed to trial under these circumstances is a denial of relator's access to the courts under due course of law. TEX. CONST. art. I, §§ 13, 19. While we do not have mandamus power to compel the trial judge to reach a result that necessarily involves his discretion, we may mandamus him to hold a trial or hearing and exercise his discretion. *Baluch,* 774 S.W.2d at 302.

Accordingly, we conditionally grant the writ and order the trial court to proceed to trial. Only if he fails to do so will mandamus issue. We express no opinion about other remedies that the trial court might use to compel compliance with its order.