NO. 07-05-0441-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 25, 2006



______________________________



IN RE: YORKSHIRE INSURANCE CO., LTD. AND


OCEAN MARINE INSURANCE CO., LTD.


_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Relators, Yorkshire Insurance Co., Ltd. and Ocean Marine Insurance Co., Ltd., 
petition this court to issue a writ of mandamus ordering the Honorable John LaGrone,
Presiding Judge of the 316th District Court, to enter final judgment in a pending cause. For
the reasons stated, we deny relators' petition.

 Relators, through two issues, are complaining that the trial court, by refusing to enter
final judgment, is 1) abusing its discretion and 2) jeopardizing relators' due process rights.

BACKGROUND


 This original proceeding arises out of a death claim filed by the Seger family against
Diatom. During the pendency of the tort claim, the Segers' filed a declaratory judgment
action against Diatom and relators on the issue of insurance coverage. After the Segers
obtained a judgment against Diatom on the underlying tort claim, the Segers settled with
Diatom and took an assignment of Diatom's claims against its insurers, the relators in the
present action. The Segers' declaratory judgment case was then converted to include a
Stowers action. (1) 

 Thereafter, relators filed a third-party action against Diatom seeking declaratory
relief or reformation. On August 9, 2004, the trial court heard pending motions for
summary judgment filed by both sides of the third-party action. Ultimately, on December
30, 2004, the trial court granted Diatom's summary judgment as to relator's third-party
claims. The trial court then severed relator's third-party action from the Segers' declaratory
judgment action, reserving only the issues of entitlement to and amount of attorney fees
for future determination. The relators' primary complaint centers upon the trial court's 
failure to issue judgment on these attorney fee issues. 

 STANDARD OF REVIEW


 Mandamus is proper to compel a ministerial act or to correct a clear abuse of
discretion. Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). Whether to consider and
rule upon a motion is not a discretionary act on the part of the trial court. In re Ramirez,
994 S.W.2d 682, 683 (Tex.App-San Antonio 1998, orig. proceeding). When a motion is
properly filed and pending before a trial court, the act of considering and ruling on the
motion is ministerial. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.-San
Antonio 1997, orig. proceeding). However, the trial court has a reasonable time within
which to perform this duty. Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.-Houston [1st
Dist.] 1992, orig. proceeding). Whether such reasonable time has lapsed is dependent on
the facts and circumstances of each case. Id. There is no bright line for determining this
issue. Neither is there a set formula, rather, there are a number of factors to consider,
such as, 1) the trial court's actual knowledge of the motion, 2) the state of the trial court's
docket, 3) whether there continue to be other legal or factual matters within the case for
the trial court's continued consideration, and 4) the existence of other judicial and
administrative matters for the trial court's consideration. See Ex parte Bates, 65 S.W.3d
133, 134 (Tex.App.-Amarillo 2001, no pet. h.). This is not an exhaustive list, but is merely
demonstrative. Additionally, this court must remember that the trial court has inherent
power to control its own docket. Ho v. Univ. of Texas at Arlington, 984 S.W.2d 672, 693-94
(Tex.App.-Amarillo 1998, pet. denied). The power of the trial court to control its own
docket is discretionary in nature, Hoggett v. Brown, 971 S.W.2d 472, 495
(Tex.App-Houston [14th Dist.] 1997, no pet.), we may not arbitrarily interfere with it. 

ANALYSIS


 Relators first contend that the trial court abused its discretion by refusing to rule and
enter a final judgment. However, in their argument, relators appear to complain that the
court would neither set a hearing nor render a ruling. The record before us demonstrates
that the trial court held a hearing on the issue of attorney fees on August 8, 2005. 
Therefore, the only real issue before this court is whether the court has failed to rule on the
issue of attorney fees within a reasonable time. Barnes, 832 S.W.2d at 426. The party
seeking a writ of mandamus must furnish this court with a record sufficient to establish their
right to mandamus relief. Walker, 827 S.W.2d at 837. The record available for our review
in this proceeding provides insufficient evidence that the trial court's delay in ruling was
unreasonable. The record does not illustrate the state of the court's docket from August
8, 2005 to the filing of relators' petition in this matter. The record shows that, during this
period, relators have continued to file matters requiring the court's consideration. 
Additionally, the record is silent as to other legal or administrative matters the trial court
was required to hear or consider during this period. As the relators are responsible for
providing this court with a record sufficient to prove their entitlement to the relief sought and
because they have failed to do so, we cannot say that the trial court has abused its
discretion by failing to rule on the attorney fee issues or by failing to enter a final judgment
in the third-party cause. Therefore, relators are denied mandamus relief on their first issue.

 Relators' next contend that the trial court's failure to enter final judgment jeopardizes
relators' due process rights. Relators conclude, without adequate analysis, that the trial
court's failure to rule is adversely affecting their due process rights in relation to the
severed cause of action and the underlying $38 million judgment. As authority for their
proposition, relators cite this court to a recent Texas Supreme Court opinion dealing with
what relators contend to be a similar fact pattern. See Progressive County Mut. Ins. Co.
v. Boyd, 48 Tex.Sup.Ct.J. 1020, 2005 Tex. LEXIS 605 (August 26, 2005). However, Boyd
is an appeal of a summary judgment that does not address due process concerns and is,
therefore, inappropriate. Because we have determined that the trial court has not failed
to issue a final judgment within a reasonable time, it follows that the delay in issuing
judgment was not a denial of due process. Barnes, 832 S.W.2d at 426. Relators have
also cited the court to Baluch v. Miller, 774 S.W.2d 299 (Tex.App-Dallas 1989, orig.
proceeding), for the proposition that the trial court's refusal to enter a final judgment is itself
a denial of due process. However, a close reading of Baluch reveals that the trial court
refused to set the matter for any type of hearing. This is clearly distinguishable from the
case before this court and, as such, does not control the issue. Accordingly, relators'
second issue is overruled.CONCLUSION

 Finding relators have failed to prove their entitlement to mandamus relief, we deny
relators' petition.


 Mackey K. Hancock

 Justice





1. 
' 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.
 07-09-0338-CR

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
C

 

                                                                MARCH
9, 2011

                                            ______________________________

 

                                                             NATHAN A. HYER,

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS,

 

                                                                                                            Appellee

                                              _____________________________

 

                      FROM THE 140th DISTRICT
COURT OF LUBBOCK COUNTY;

 

                         NO. 2008-421,248; HON.
JIM BOB DARNELL, PRESIDING

                                            ______________________________

 

Opinion

______________________________

 

Before
QUINN, C.J., and HANCOCK and PIRTLE, JJ.

            Appellant, Nathan A. Hyer, appeals
his conviction for possessing a controlled substance, namely cocaine.  Though thirteen issues are before us, we only
address whether he was denied the assistance of counsel because counsel was not
allowed to make a closing argument during the punishment phase of the
trial.  Our disposition of it is
dispositive of the appeal because we reverse the judgment.

            Appellant pled guilty to the charged
offense without the benefit of an agreement regarding punishment.  He also waived his right to a jury and asked
the trial court to determine punishment. 
At the hearing on that matter, both the State and
appellant proffered witnesses. 
When they had done so, the trial court asked:  [d]oes the State close?  The State replied:  [t]he State closes, your honor.  Then, the following exchange transpired
between the court and defense counsel:

THE
COURT: [Appellant], if youll come up here.

MR.
HOGAN:  Judge, I didnt close.  Could I make a couple of brief suggestions to
the Court before you - -

 

THE
COURT:  No.

MR.
HOGAN:  All right.

Why
the trial court so denied defense counsel the opportunity to make closing
remarks went unexplained.  Moreover, the
State concedes that the decision evinced reversible error if preserved for
review.[1]  So, the issue before us is one of
preservation; did appellant preserve his complaint about being denied his
constitutional right to legal counsel when the trial court refused to allow him
to tender closing argument?  We conclude
he did.

            That the State did not ask for opportunity
to provide closing argument is undisputed. 
That the trial court was proceeding to sentence appellant without
affording appellant the opportunity to provide such argument is clear.  That appellant, through his counsel,
expressly informed the court that it had yet to close and would like to make
a couple of comments is also clear, as is the trial courts refusal to let him
do so.[2]  Admittedly, defense counsel did not use the
phrase closing argument when asking for leave to speak.  Yet, he did ask for the chance to comment
once the State closed and before the trial court decided what measure of
punishment to levy.  Furthermore, the
request came at that stage of the proceeding when litigants would normally
undertake closing argument, i.e.
after both sides rested.  So, we have
little difficulty in concluding that a jurist facing like circumstances would
interpret the request as one seeking opportunity to proffer closing arguments.  Bennett
v. State, 235 S.W.3d 241, 243 (Tex. Crim. App. 2007) (stating that [m]agic words are not required to preserve error and a
complaint will be preserved if the substance of the complaint is conveyed to
the trial judge). 

            Next, the request to pursue a
procedural step guaranteed by both the United States and Texas Constitutions
followed by the trial courts refusal to permit it was sufficient to meet the
requisites of Texas Rule of Appellate Procedure 33.1.  The latter simply mandates that the complaint
raised on appeal be made to the trial court by timely request,
objection or motion.  (Emphasis added).  Tex. R. App. P. 33.1(a)(1).  Omitted from that rule are words expressly
obligating the complainant to take further action once a request or motion
is made and denied. 
There is no need to pursue the historic practice of verbally excepting to a decision rejecting the objection, for
instance.   See Farrar v. State, 784 S.W.2d 54, 56
(Tex. App.Dallas 1989, no pet.).  That
this is true is exemplified by a defendants ability to remain silent at trial
when evidence is being tendered for admission if that evidence was the subject
of an unsuccessful motion to suppress.  Flores v. State, 129
S.W.3d 169, 171-72 (Tex. App.Corpus Christi 2004, no pet.).  Similarly illustrative is the defendants
ability to preserve error involving the refusal to submit a jury instruction by
merely requesting the instruction and having the court deny the request.  Tex. Code Crim. Proc. Ann.
art. 36.15 (Vernon 2006).  In each instance the trial court had the
opportunity to address the matter, and Rule 33.1 simply assures
that such an opportunity be afforded the court. 
Lopez v. State, 96 S.W.3d 406,
412 (Tex. App.Austin 2002, pet refd) (stating that Rule 33.1 serves to give
the trial court the chance to address potential error in the first
instance).  

            We do note that prior objections or
complaints can be waived by subsequent actions or comments of counsel.  Saying no objection when evidence, made the
subject of a prior motion to suppress, has that effect, for instance.  Obviously, such a phrase can be accepted for
what the plain meaning of the words denote, that the opponent has no objection
to what is being done.  A like and clear
expression of intent was not made here, however.  It is conceivable that counsel saying all
right may mean that the speaker has no problem with or complaint about what is
being done, but the context of the comment is all important.  We cannot ignore the fact of evolving life
that the younger generation often assigns new meaning to old words.  Bad can be good, for
example.

             
Here, appellants counsel was not asked a question to which he responded
all right.  Instead, opportunity to
comment about punishment was requested and was abruptly denied him.  Saying all right in reply to such as the
unexplained denial of a constitutional right may well evince surprise or the
circumstance of being taken aback, as opposed to approval of the trial courts
decision to forego closing argument. 
This is especially so when, as here, defense counsel later attempted, unsuccessfully,
to proffer another suggestion apparently on the topic of punishment.  Moreover, the reporters record reveals that
counsel often said all right after others spoke.  That exact phrase was vocalized once when his
client testified about being twice sent to state jail.  So too did counsel say the same words when
appellant described how he started skipping school and getting high in the
seventh grade and that he sold a friends dog to buy dope.  In none of those situations could one legitimately
interpret all right as indicating approval of the conduct disclosed.  Indeed, given the many other instances of
counsel muttering the phrase when it had no logical relationship to what had
been said, we infer that he simply had a penchant for saying all right, much
like those individuals who intersperse their communication with words like
okay, like, and you know.  They
mean nothing, generally, and the speaker most likely does not know they are
being verbalized.  So, given the
circumstances in the record before us, counsels uttering all right cannot
reasonably be interpreted as an intent to waive his
request to make closing remarks or approve of what the trial court did.   

            Nor do we find controlling the
authority cited by the State to support the argument that the error was not
preserved.  For instance, the Court of
Criminal Appeals was not addressing the topic of error preservation when
writing in Ruedas v.
State, 586 S.W.2d 520 (Tex. Crim. App. 1979).  So while the defendant there expressly
objected and excepted to the refusal to allow closing
argument, the case hardly stands for the proposition that one must so object
and except to preserve his complaint. 
The same also is true of Kirk
v. State, No. 05-98-0095-CR, 1999 Tex. App. Lexis 5743 (Tex. App. Dallas August 4, 1999, no pet.) (not designated for publication).  And, to the extent that the reviewing court
held in In re M.A.,
No. 08-02-00544-CV, 2004 Tex. App. Lexis
5172 (Tex. App.El Paso June 10, 2004, no pet.) (not designated for
publication) that the issue was not preserved because appellant failed to
expressly object to the trial courts ruling that denied his request for
closing argument, no other courts of appeal other than El Paso have followed
it.  Nor did the El Paso court support
its conclusion with any precedent. 
Moreover, the opinion could be read as adding another element to Rule
33.1 omitted by those who drafted the proviso. 
Again, the latter specifies that the complaint tendered for review be
encompassed in a timely request, objection or motion.  It does not say that if the complaint was
encompassed in a request, then an objection must also be made to preserve
the matter once the request is denied.  

            We opt not to add into a rule what
its authors left out.  That
opportunity is left to the authors should they care to accept it.  All an appellant need do is make his complaint known to the trial court through a
request, objection or
motion;
he need not do more once any of those avenues are travelled.  (Emphasis added).  See
e.g. Ponce v. State, 68
S.W.3d 799, 807 (Tex. App.Amarillo 2001, no pet.) (holding
that it was enough to request the particular relief or opportunity to preserve
error).

            In sum, the complaint at issue was
preserved.  Since the State conceded it
to be harmful error, we reverse the judgment and remand the cause for another
punishment hearing.

 

                                                                                    Brian
Quinn

                                                                                    Chief
Justice

 

Publish.











[1]The right to
effective assistance of counsel under the Sixth Amendment guarantees a
defendant the opportunity to make a closing argument.  See Herring v. New York,
422 U.S. 853, 857-58, 95 S.Ct. 2550, 2553, 45 L.Ed.2d 593 (1975).  Similarly, a defendant's right to be heard
under Article 1, Section 10 of the  
Texas Constitution assures the defendant the right to make a closing
argument.  See Ruedas v. State, 586 S.W.2d 520, 522-23 (Tex. Crim. App. 1979).  Those rights, therefore, are violated when a
trial court denies a defendant the opportunity to make a closing argument.  Herring,
422 U.S. at 857-58, 95 S.Ct. 2550; Ruedas,
586 S.W.2d at 522-23. 
And, the violation gives rise to reversible error without the
complainant having to show prejudice.  See Kirk v. State, No. 05-98-0095-CR,
1999 Tex. App. Lexis 5743 (Tex.
App.Dallas August 4, 1999, no pet.) (not designated
for publication.)





[2]A
later effort by defense counsel to have input into the tenor of his clients
punishment was also rebuffed.  After the
trial court pronounced sentence, defense counsel asked:  [w]ill the Court entertain an addition of
the ISF recommendation to the judgment? 
The courts answer was [n]o.