NO. 07-05-0441-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 25, 2006

_____

IN RE: YORKSHIRE INSURANCE CO., LTD. AND
OCEAN MARINE INSURANCE CO., LTD.
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Relators, Yorkshire Insurance Co., Ltd. and Ocean Marine Insurance Co., Ltd., petition this court to issue a writ of mandamus ordering the Honorable John LaGrone, Presiding Judge of the 316th District Court, to enter final judgment in a pending cause. For the reasons stated, we deny relators' petition.

Relators, through two issues, are complaining that the trial court, by refusing to enter final judgment, is 1) abusing its discretion and 2) jeopardizing relators' due process rights.

BACKGROUND

This original proceeding arises out of a death claim filed by the Seger family against Diatom. During the pendency of the tort claim, the Segers' filed a declaratory judgment action against Diatom and relators on the issue of insurance coverage. After the Segers

obtained a judgment against Diatom on the underlying tort claim, the Segers settled with Diatom and took an assignment of Diatom's claims against its insurers, the relators in the present action. The Segers' declaratory judgment case was then converted to include a *Stowers* action.[1]

Thereafter, relators filed a third-party action against Diatom seeking declaratory relief or reformation. On August 9, 2004, the trial court heard pending motions for summary judgment filed by both sides of the third-party action. Ultimately, on December 30, 2004, the trial court granted Diatom's summary judgment as to relator's third-party claims. The trial court then severed relator's third-party action from the Segers' declaratory judgment action, reserving only the issues of entitlement to and amount of attorney fees for future determination. The relators' primary complaint centers upon the trial court's failure to issue judgment on these attorney fee issues.

## STANDARD OF REVIEW

Mandamus is proper to compel a ministerial act or to correct a clear abuse of discretion. Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). Whether to consider and rule upon a motion is not a discretionary act on the part of the trial court. In re Ramirez, 994 S.W.2d 682, 683 (Tex.App–San Antonio 1998, orig. proceeding). When a motion is properly filed and pending before a trial court, the act of considering and ruling on the motion is ministerial. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.–San

---

[1] See generally C. H. Stowers Furniture Co. v. Am. Indem. Co., 15 S.W.2d 544 (Tex.Comm'n.App. 1929, holding approved).

Antonio 1997, orig. proceeding). However, the trial court has a reasonable time within which to perform this duty. Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.–Houston [1st Dist.] 1992, orig. proceeding). Whether such reasonable time has lapsed is dependent on the facts and circumstances of each case. Id. There is no bright line for determining this issue. Neither is there a set formula, rather, there are a number of factors to consider, such as, 1) the trial court's actual knowledge of the motion, 2) the state of the trial court's docket, 3) whether there continue to be other legal or factual matters within the case for the trial court's continued consideration, and 4) the existence of other judicial and administrative matters for the trial court's consideration. See Ex parte Bates, 65 S.W.3d 133, 134 (Tex.App.–Amarillo 2001, no pet. h.). This is not an exhaustive list, but is merely demonstrative. Additionally, this court must remember that the trial court has inherent power to control its own docket. Ho v. Univ. of Texas at Arlington, 984 S.W.2d 672, 693-94 (Tex.App.–Amarillo 1998, pet. denied). The power of the trial court to control its own docket is discretionary in nature, Hoggett v. Brown, 971 S.W.2d 472, 495 (Tex.App–Houston [14th Dist.] 1997, no pet.), we may not arbitrarily interfere with it.

ANALYSIS

Relators first contend that the trial court abused its discretion by refusing to rule and enter a final judgment. However, in their argument, relators appear to complain that the court would neither set a hearing nor render a ruling. The record before us demonstrates that the trial court held a hearing on the issue of attorney fees on August 8, 2005. Therefore, the only real issue before this court is whether the court has failed to rule on the issue of attorney fees within a reasonable time. Barnes, 832 S.W.2d at 426. The party

3

seeking a writ of mandamus must furnish this court with a record sufficient to establish their right to mandamus relief. Walker, 827 S.W.2d at 837. The record available for our review in this proceeding provides insufficient evidence that the trial court's delay in ruling was unreasonable. The record does not illustrate the state of the court's docket from August 8, 2005 to the filing of relators' petition in this matter. The record shows that, during this period, relators have continued to file matters requiring the court's consideration. Additionally, the record is silent as to other legal or administrative matters the trial court was required to hear or consider during this period. As the relators are responsible for providing this court with a record sufficient to prove their entitlement to the relief sought and because they have failed to do so, we cannot say that the trial court has abused its discretion by failing to rule on the attorney fee issues or by failing to enter a final judgment in the third-party cause. Therefore, relators are denied mandamus relief on their first issue.

Relators' next contend that the trial court's failure to enter final judgment jeopardizes relators' due process rights. Relators conclude, without adequate analysis, that the trial court's failure to rule is adversely affecting their due process rights in relation to the severed cause of action and the underlying $38 million judgment. As authority for their proposition, relators cite this court to a recent Texas Supreme Court opinion dealing with what relators contend to be a similar fact pattern. See Progressive County Mut. Ins. Co. v. Boyd, 48 Tex.Sup.Ct.J. 1020, 2005 Tex. LEXIS 605 (August 26, 2005). However, Boyd is an appeal of a summary judgment that does not address due process concerns and is, therefore, inappropriate. Because we have determined that the trial court has not failed to issue a final judgment within a reasonable time, it follows that the delay in issuing

4

judgment was not a denial of due process. <u>Barnes</u>, 832 S.W.2d at 426. Relators have also cited the court to <u>Baluch v. Miller</u>, 774 S.W.2d 299 (Tex.App–Dallas 1989, orig. proceeding), for the proposition that the trial court's refusal to enter a final judgment is itself a denial of due process. However, a close reading of <u>Baluch</u> reveals that the trial court refused to set the matter for any type of hearing. This is clearly distinguishable from the case before this court and, as such, does not control the issue. Accordingly, relators' second issue is overruled.

CONCLUSION

Finding relators have failed to prove their entitlement to mandamus relief, we deny relators' petition.


Mackey K. Hancock
Justice

5