Opinion issued May 6, 2010.

 

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00233-CV

———————————

IN RE Jesus Jay Montalvo, Relator



 



 



Original
Proceeding on Petition for Writ of Mandamus

 



 

MEMORANDUM  OPINION

          Relator,
Jesus Jay Montalvo, has filed a petition for writ of mandamus complaining of that
portion of Judge Doug Warne’s[1] January 19, 2010 order— which required that Montalvo pay the interim
attorney’s fees of the real party in interest, Eileen Mansfield—in which the trial court determined that it
would not consider any affirmative relief requested by Montalvo until he paid
the referenced attorney’s fees.  We
conditionally grant the petition.

          In
June 2006, the trial judge rendered a decree in this family-law case that,
among other things, required Montalvo to pay Mansfield child support and
awarded Mansfield her attorney’s fees (“the 2006 decree”).  The 2006 decree also included findings that
Montalvo had “engaged in a continuing pattern of frivolous and abusive
litigation” that was intended to and did result in financial damage to
Mansfield; that Montalvo’s “pattern of behavior” constituted “stalking by
litigation”; that Montalvo had brought the modification proceedings then at
issue “with the design of harassing Mansfield” consistent with “what the Court
believes to be a pledge or threat” that Montalvo had previously made to
Mansfield; that Montalvo had failed to comply with certain Family Code
provisions and had “thwarted the discovery powers of this Court . . .”; that the
trial judge was departing from the standard child-support guidelines because “ongoing
litigation . . . initiated by” Montalvo had resulted in “significant ongoing
legal expenses incurred as necessary expenditures” by Mansfield; and that Montalvo’s
own motion to modify prior orders “was filed frivolously or was designed to
harass” Mansfield, so that Montalvo should pay her attorney’s fees.  The 2006 decree also recited that the trial judge
had struck Montalvo’s pleadings and had prohibited him from presenting evidence
in support.

In August 2009, Montalvo moved to
modify the 2006 decree’s custody and child-support provisions, also seeking
temporary orders reducing child-support in the interim (“the 2009 proceeding”).[2]  It was during the 2009 proceeding that the
trial judge rendered the order of which Montalvo complains in this Court.  During the pendency of the 2009 proceeding,
Mansfield moved the judge for interim attorney’s fees, alleging that she did
not have funds “to defend against [Montalvo’s] frivolous suit.” See Tex.
Fam. Code Ann. §
105.001(a)(5) (Vernon 2009) (“In a suit, the court may make a temporary order .
. . for the safety and welfare of the child, including an order: . . . for
payment of reasonable attorney’s fees and expenses.”)

At the hearing on her motion for
interim attorney’s fees, Mansfield presented evidence that this was the fourth
custody suit that Montalvo had instigated; she had had to borrow against her
retirement account and from her parents to pay for attorney’s fees for
Montalvo’s prior litigation in this suit, which debts she was still paying off;
that Mansfield had about $9,000 left in her retirement account; that Montalvo
had about $226,000 in his retirement account with the Houston Police Department,
from which he had already retired; that he was receiving pension benefits of
about $3,790 per month; and that attorney’s fees to take the current custody
suit to trial would run about $30,000, which she could not pay.  Montalvo, who admitted sharing some expenses
with his current wife, presented evidence that his sole current income was from
his pension and that most of that went to pay expenses; that he was currently
unemployed; that he would pay a penalty if he withdrew funds from his
retirement account to pay Mansfield’s attorney’s fees; and that he had no
resources from which to pay those fees.  

At the end of the hearing, the
trial judge noted its adverse findings concerning Montalvo from the 2006 decree
and awarded $20,000 in interim attorney’s fees to Mansfield, to be paid on or
before April 15, 2010.  The judge then
stated that he did “not intend to set or hear any other requests for
affirmative relief by [Montalvo] until or unless the interim fees are paid as
ordered by the Court.”  The order from
which Montalvo seeks relief, signed January 19, 2010, likewise recited:

JESUS JAY MONTALVO
PETITIONER IS ORDERED to pay to EILEEN MANSFIELD . . . the following sum(s):
$20,000 on or before 4-15, 2010 at 5:00 p.m. 
. . . It is further ordered that
no affirmative relief requested by Petitioner [Montalvo] will be entertained by
this court until said fees are paid.

 

(Emphasis added.)[3]  

Montalvo complains that the
italicized portion of the quoted order “is a denial of [his] access to the
courts under due course of law.”  See Tex.
Const. art. I, §§ 13,
19.  This issue has already been decided
in In re Flores, in which we held
that a trial judge may not refuse to set a case for trial because of a party’s
refusal to pay interim attorney’s fees awarded, as here, under section
105.001(a)(5) the Family Code.  135
S.W.3d 863, 865 (Tex. App.—Houston [1st Dist.] 2004, orig. proceeding); see Tex.
Fam. Code Ann. §
105.001(a)(5).  Although in Flores we “share[d] the trial court’s
frustration” at relator’s refusal to pay the ordered fees, we nonetheless
concluded that “[w]e do not believe that the trial court may compel compliance
with its order of interim attorney’s fees by refusing to set a case for trial”
and held that the denial to proceed until the occurrence of an uncertain future
event (the payment of fees) under those circumstances was a denial of the
relator’s access to the courts under due course of law.  Id.  We thus conditionally granted mandamus relief
to order the trial court to proceed to trial, expressing “no opinion about
other remedies that the trial court might use to compel compliance with its
order.”  Id.  We based our holding in
part on a decision of the Dallas Court of Appeals, which had held likewise when
considering the refusal to proceed to trial until the relator paid interim
attorney’s fees awarded under the Family Code. 
See Baluch v. Miller, 774 S.W.2d
299, 301-02 (Tex. App.—Dallas 1989, orig. proceeding). 

As in Flores, we conditionally grant the petition for writ of mandamus to
order the trial judge to proceed with the case regardless of whether Montalvo
pays the interim attorney’s fees.  See Flores, 135 S.W.3d at 865.  We express no opinion about whether contempt
or other remedies might be available to ensure that Montalvo complies with the
January 19, 2010 order to pay Mansfield interim attorney’s fees.  See id.

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Alcala and Higley.

 











[1]
          The
Honorable Doug Warne, judge of the 311th District Court of Harris County,
Texas.  The underlying lawsuit is In re M.J.M., No. 1998-14950 (311th
Dist. Ct., Harris County, Tex.).





[2]
          Montalvo
originally sought only a reduction in the child-support that he paid
Mansfield.  He later amended his petition
to seek primary conservatorship of the parties’ child and to have Mansfield pay
him child support.  Montalvo then
alternatively requested that his child-support obligation be reduced if
conservatorship were not changed.





[3]
          Montalvo
filed his mandamus petition in this Court on March 25, 2010—three weeks before
the order’s deadline for him to pay the interim fees.  That deadline has now passed, and no party
has advised this Court that Montalvo has paid the ordered fees.